## Bloomington Canning Co. v. Union Can Co.

1. PLEADINGS—*When a Special Plea Amounts to the General Issue.*—Where a defendant can have the benefit of a special plea, in evidence, under the general issue, such special plea amounts to the general issue only, and as such is amenable to a demurrer.

2. CONTRACTS—*Rules of Construction.*—The elementary rule in the construction of a contract is to ascertain from the contract itself, if it can be done, what was the true intention of the parties at the time the contract was made. In doing this every part of the contract is to be looked to and given effect if possible, consistent with the whole instrument; nothing is to be rejected as surplusage without a plain necessity, or to prevent a defeat of the purpose sought to be attained by the parties to the contract.

3. SAME—*Construction Where the Language is Doubtful.*—Where the language of a contract is doubtful, it is not to be construed most strongly against the party using such language, but is to be given its ordinary significance as defined by the standard authorities of the language.

4. WORDS AND PHRASES—"*More or Less.*"—The expression "more or less" as used in a contract of purchase and sale of manufactured goods is far from being synonymous with "approximately," for the former words imply going beyond or over the quantity or amount named, while the latter does not.

Assumpsit, for alleged breach of a written contract. Appeal from the Circuit Court of Vermilion County; the Hon. FERDINAND BOOK-WALTER, Judge, presiding. Heard in this court at the November term, 1900. Reversed and remanded, with directions. Opinion filed February 28, 1901.

Statement.—Appellant sued appellee upon a written contract for failure to deliver tin cans according to the alleged terms thereof.   The contract sued upon is dated at Hoopeston, Illinois, November 8, 1898, and is in the form of a letter signed by appellee and addressed to appellant, and accepted in writing by the latter.   The body of the contract is as follows:

" We enter your order for the following cans, for your use in packing, and for shipment only to your own factories.

Your season's requirements of cans, approximately as follows:

Two and one-half millions (2,500,000) two-pound cans, with 1⅜ opening.

One half million (500,000) three-pound cans, with two inch opening.

Terms: F. O. B. cars in bulk, in carloads.   Net cash.   Settlement to be made for each carload by payment of our draft for the amount, on presentation of same with bill of lading attached without expense to us for collection.

Shipment and price:   One million two pound cans to be paid for during January, 1899.   Balance to be paid for as delivered.   Cans to be shipped at the rate of 3,000,000 2-lb. and 100,000 3-lb. cans per month during the months of April, May, June, July and August, and the remainder as wanted during the months of September and October, 1899. Cans to be delivered F. O. B. cars at Bloomington, Illinois, or Chenoa, Illinois, as may be desired.   Price to be ten dollars ($10) per thousand for two-pound cans, and fourteen. dollars ($14) per thousand for three-pound cans.

Cancellation:   This contract shall not be subject to cancellation except by mutual agreement, and in no case shall cancellation be made except by payment in cash by yourselves to us of a cancellation charge of five ˙cents per hundred cans on No. 2 cans, and seven and one-half cents per hundred cans on No. 3 cans.

Guarantee:   We agree to pay you packer's cost of cans and contents for all cans spoiled by leaks, exceeding two cans per thousand, provided said leaks are shown to be the result of faulty material or workmanship in the manufacture of the cans.   All leaks shall be held subject to our orders, and no claims shall be made for cans after they have left your possession.   This guarantee expires on December 31, 1899, and no claims will be recognized unless received before that date.

Accidents: In case of the destruction of our works by fire or cyclone, or our being prevented by causes beyond our control from shipping these cans, our liability is to be limited to the amount of money to be received on account, with interest. In the case of the destruction of your factory by fire or cyclone we agree to cancel any unfilled portion of this contract without expense to you."

The declaration avers that plaintiff's requirements for cans for the season of 1899, were 3,389,952 two-pound cans, and 762,437 three-pound cans; that during the year 1899, plaintiff received only 2,872,872 two-pound cans, and only 475,189 three-pound cans and paid the defendant for the same according to the terms of the contract; that plaintiff, September 4, 1899, specially requested defendant to make shipments equal to the requirements above stated, which it was willing to accept and ready to pay for according to the terms of the contract; but defendant refused to do so, to plaintiff's damage. To the declaration the defendant pleaded one special plea of performance of the terms of the contract, in which the history of the organization of defendant corporation is set forth, and other facts and circumstances outside of the contract itself, much in detail and quite voluminously, for the alleged purpose of showing the surroundings and circumstances of the parties, as affecting or disclosing their intentions, deemed unnecessary to recite here, and in the plea it is admitted only 475,189 three pound cans were delivered under the terms of the contract. To this plea the court overruled a demurrer, and the plaintiff abiding by its demurrer, the court gave final judgment against the plaintiff in bar of the action, to reverse which this appeal is brought, and such action of the court assigned for error.

WILL & WHITMER and PENWELL & LINDLEY, attorneys for appellant.

H. M. STEELY and JAMES H. DYER, attorneys for appellee.

MR. JUSTICE WRIGHT delivered the opinion of the court.

Many points are argued against the plea, but in the view we take of the case it will be unnecessary to consider all of

them. It is doubtless true the defendant could have the benefit in evidence, under the general issue, of all special facts necessary or proper to show the situation of the parties in aiding the court to ascertain and give effect to their intentions, by the contract executed by them, and inasmuch as we do not consider the contract ambiguous in its terms, much, if not all the special statements contained in the plea, would be improper for the purposes designed by the pleader. In truth, we think the inferences proper to be drawn from the nature and terms of the contract itself, and its subject-matter, are quite sufficient of themselves by which to find the intention of the parties, without the aid of extrinsic proof, and the case therefore rests upon the proper construction of the contract, to be made by inspection of its terms, a consideration of its subject-matter, and the reasonable and natural inferences to be drawn therefrom of the situation and circumstances surrounding the parties at the time it was made. The contract, in effect, is that defendant undertook to furnish plaintiff's season's requirements of cans, for its use in packing, approximately 2,500,000 two-pound cans, and 500,000 three-pound cans at $10 and $14 per thousand respectively; the cans actually delivered were 2,872,872 of the small size, and 475,189 of the larger size, and plaintiff insists the defendant was, by the contract, bound to furnish all it required; that it did require for the season of 1899, 3,389,952 of the small cans, and 762,437 of the large ones, and having demanded them, the defendant refused to deliver more than it had at that time furnished. At the time of such demand and refusal it appears by the pleading the cans were worth $19 and $24 per thousand respectively, for the small and large cans.

We can not agree with the construction sought to be put upon the contract by counsel for appellant. The elementary rule, needing no authority in support of it, in the construction of every contract, is to ascertain from the contract itself, if that can be done, what the true intention of the parties was at the time they entered into it. In doing

this, every part of the contract will be looked to and given effect, if possible, consistent with the whole contract; nothing will be rejected as surplusage without a plain necessity, or to prevent a defeat of the purposes sought to be attained by the parties to the contract. Looking into the contract here presented, it is proper to infer from its terms, and its subject-matter, that the plaintiff was engaged in the business of packing vegetable products upon a large scale, and that defendant was a manufacturer of tin cans used in such enterprises, also extensively. It is also reasonable to infer from the nature of the contract, that owing to the uncertainty of the seasons and other causes, the plaintiff could not accurately estimate the quantity of products it would use or could acquire for the season in question. Appellee, to enable it to prepare for the factory, and purchase material and supplies, would reasonably require an estimate of the limit it would be necessary to go to, to supply the demand. The words of the contract imply that previous thereto plaintiff had lodged its order with defendant for cans—in fact that is the recital of the contract; hence this part of the contract should be regarded as the language of the plaintiff, instead of the defendant, and if the language is doubtful it should not, as contended by counsel for appellant in their reply brief, be construed most strongly against appellee, and the authorities cited upon that point do not apply. However, we are not of opinion the language or words used are doubtful in any just sense. The words used are to be given their ordinary significance. Approximate, as defined by Webster and other standard authorities, is to carry or advance near; to cause to approach; to draw near; to approach; and, approximately; with approximation; so as to approximate; nearly. Hence we think by the use of the words of the contract, " your order for your season's requirements of cans, approximately as follows," giving the number of each class of cans to be furnished, were intended to fix a limit beyond which appellee could not be forced to go. In other words, appellant, by the use of that language, in effect said that the number of cans required would approach the figures named,

nearly—it might not be quite so many—but not beyond, or over. If demanded, appellee was bound to furnish the quantities named in the contract, but no more. In this sense the expression "more or less" is far from being synonymous with approximately, for the former words imply going beyond or over the quantity or amount named, while the latter does not; therefore the arguments and authorities in the briefs of counsel, based upon their assumed analogy, have no proper application to the contract in question. If any effect whatever is to be given to the paragraph of the contract entitled "cancellation"—and we have said all the parts must be considered—this construction of the contract, it seems to us, becomes conclusive. That paragraph provides that cancellation shall not be made, except upon payment to appellee of a stipulated sum per hundred cans. Upon what basis could such a compensation be made, unless it was known how many cans appellant had agreed to take? The acceptance of the construction of the contract insisted upon by counsel for appellant, that the phrase, "your season's requirements of cans" should be taken as the governing words, would result in the rejection of the clauses limiting the number of cans approximately, as surplusage or meaningless. This, we have said, should not be done without a plain necessity, or to prevent a defeat of the objects the contract was designed to attain. If the parties meant by the contract that the season's requirements of cans should alone be determined by the plaintiff at a future time, and the quantity limited by its will, then the added clauses of approximate quantities were superfluous and useless, and the commonest tenets of construction would thus be violated, by rejecting them. We are unwilling to go to such extremity, but believe all the words may consistently be given their ordinary significance, and standing thus, they plainly express the purposes designed by the contracting parties. The fact that more than the contract number of one kind of cans were furnished, we deem immaterial. Appellee was in default for the balance of the large cans, and for this appellant is entitled to recover for any damage

sustained by it, and to this extent the plea afforded no de-
fense, although professing to answer the whole declaration,
and it was error to overrule the demurrer, and render judg-
ment in bar of the action, as was done; and for this error
the judgment of the Circuit Court will be reversed and the
cause remanded, with directions to sustain the demurrer to
the plea, and for further proceedings not inconsistent with
the views herein expressed. Reversed and remanded.