[Civ. No. 3036.  Second Appellate District, Division Two.—November 22, 1919.]

## JOSEPHINE FORD, Respondent, v. LOUIS M. FORD, Appellant.

[1] QUIETING TITLE—ACTION BY WIFE AGAINST HUSBAND—CONDITIONS ON WHICH DEFENDANT ACQUIRED INTEREST — CONFLICTING EVIDENCE—FINDINGS—APPEAL.—Where, in an action by a wife against her husband to establish her title to certain real property purchased with her separate funds, there is a direct conflict in the evidence as to the conditions on which the defendant acquired his apparent interest as a cotenant with plaintiff, the appellate court will not disturb the findings of the trial court.

[2] ID.—CREDIBILITY OF WITNESSES—RULE OF EVIDENCE DIRECTED TO TRIAL COURT—APPEAL—PRESUMPTION.—In such a case, it must be presumed that in reaching its conclusion the trial court was governed by the rule that in order to establish fraud and undue influence to defeat conveyances of title the evidence must be clear and convincing; and where the conclusion of the trial court is supported by testimony that is clear and convincing in itself, the fact that it is disputed by rebutting testimony does not entitle the appellate court to substitute its judgment for that of the trial court in determining the credibility of the conflicting witnesses.

[3] TRUSTS—CONVEYANCE BY WIFE TO HUSBAND—PROMISE OF RECONVEYANCE.—A trust estate is created in behalf of a wife where she deeds an interest in her separate property to her husband or permits him to take in his name an interest in property when it is purchased with her separate funds, and the transaction is had without consideration to the wife, at his solicitation, on his representation that he only desires to hold an interest of record for the sake of his business and social credit, and that he will reconvey to her at any time she desires, and where the consent of the wife is induced by these representations and she parts with her title in reliance upon them, and they are made to her in bad faith and with intent to withhold the property from her.

[4] PLEADING—COMPLAINT TO QUIET TITLE—AMENDMENT TO ENFORCE TRUST.—In an action begun under an ordinary complaint to quiet title it is not error to permit the plaintiff, pending the trial, to file an amended complaint setting up the facts relied upon to defeat the defendant's claim of title and establishing the trust in plaintiff's behalf, and praying that such trust be declared and a reconveyance of the premises to plaintiff decreed.

---

3. Resulting trust as arising where wife's money is used by husband for purchase in his name, notes, Ann. Cas. 1915D, 625, 643; Ann. Cas. 1918E, 900; 6 L. R. A. (N. S.) 381; 26 L. R. A. (N. S.) 161.

[5] ID.—WHEN AMENDMENT PROPER—DISCRETION OF TRIAL COURT.—
So long as the action as set out in the amendment is not entirely
foreign to the original form of the action, and the relief sought
arises on the same general state of facts, such amendment is
proper and within the discretion of the trial court.

APPEAL from a judgment of the Superior Court of Los
Angeles County. Grant Jackson, Judge. Affirmed.

The facts are stated in the opinion of the court.

Arthur L. Levinsky for Appellant.

Gordon A. Stewart and H. H. Appel for Respondent.

SLOANE, J.—Plaintiff, Josephine Ford, brought this ac-
tion against the defendant, Louis M. Ford, her husband, to
establish her title to several parcels of land in the city of
Los Angeles. She acquired title to one of the properties
before her marriage, and, as the court finds, was at the time
of her marriage also "the owner of and in the possession
of a large sum of money." Shortly after her marriage with
defendant she conveyed by deed an undivided one-half in-
terest in this real property to the defendant. The court also
finds that after her marriage the other parcels of land were
purchased with her separate funds, and the title taken in the
names of herself and husband as tenants in common. These
properties were subsequently handled by the parties jointly,
mortgages and releases were made in their joint names, and
moneys collected, handled, and deposited in bank to their
joint account. The court further finds that the defendant
acquired his apparent interest in this property as follows:
That as to the real property she owned before marriage,
"after said marriage, and on or about the sixth day of
July, 1904, and prior thereto, defendant desired to have it
appear that he was the owner of an interest in said prop-
erty, and importuned that plaintiff should make a convey-
ance to him of an undivided one-half in said lands and
premises, and then and there promised plaintiff that de-
fendant would, whenever plaintiff should demand, reconvey
said lands and premises to plaintiff. Plaintiff believed said
promises and representations of defendant, and relied upon
said representations and promises, and induced solely by

her reliance and belief in said representations and without other consideration moving to her from defendant, than said belief and said promises on the part of the defendant, and the ·confidence which she then had in said defendant, did on or about the sixth day of July, 1904, execute and deliver to defendant a conveyance in the form of a grant, bargain, and sale deed, conveying to the defendant an undivided one-half of, in, and to said lands and premises''; and as to the property acquired after marriage: ''That the defendant desiring to have it appear that he was the owner of an interest in said lands and premises, at the time of the purchase of each of said last-mentioned pieces and parcels of land, requested plaintiff to permit and to cause conveyances to be made, at the time of each of said purchases, by the predecessors and owners of said lands and ·from whom the plaintiff purchased said pieces of land, to the plaintiff and defendant, as tenants in common, and for that purpose to permit the name of defendant to be mentioned in each of said conveyances as a grantee therein, together with the name of plaintiff, and then and there promised plaintiff that if plaintiff should permit said conveyances to be so executed, that he would at any time upon demand by plaintiff convey to her said lands and premises by a good and sufficient deed of conveyance, in such form and of such character so that the legal title to the whole of said lands should be and appear of record in her own name and as her own separate estate and property.'' It is also found that there was no other consideration for these conveyances to defendant, that the plaintiff relied on the promises to reconvey, and that the promises were made in bad faith, with no intention to carry them out, but with intent to deceive and defraud the plaintiff.

[1] There is no serious controversy in the evidence as to the purchase of all these parcels of land with the separate funds of plaintiff, possessed by her before marriage, together with the rents and profits accruing therefrom after marriage. There is direct conflict in the evidence as to the conditions on which the defendant acquired his apparent interest as a cotenant with plaintiff. He claims that it was the result of voluntary and unsolicited action of the plaintiff to endow him with an interest in all her worldly goods. The court, however, found against this contention and in favor

of the testimony given by the plaintiff, which, if accepted as true, fully supports the findings. It is useless, therefore, to review more minutely the testimony, as we would not under this state of the evidence be justified in disturbing the findings of the court.

[2] It may be conceded, as contended by appellant, that in order to establish fraud and undue influence to defeat these conveyances of title the evidence must be clear and convincing. But that is a rule of evidence directed to the trial court, and it must be presumed that in reaching the conclusion set out in the findings the court was governed by these considerations in weighing the evidence. (*Brison* v. *Brison,* 90 Cal. 323, [27 Pac. 186]; *Mahoney* v. *Bostwick,* 96 Cal. 53, [31 Am. St. Rep. 175, 30 Pac. 1020]; *Sherman* v. *Sandell,* 106 Cal. 373, [39 Pac. 797].) Even in criminal actions, where the facts must be established beyond a reasonable doubt in order to justify a conviction, the appellate courts are not permitted to question the verdict if it is supported by any substantial showing. (*People* v. *Durrant,* 116 Cal. 179, 201, [48 Pac. 75]; *People* v. *Freeman,* 92 Cal. 359, [28 Pac. 261]; *People* v. *Ah Loy,* 10 Cal. 301.) Appellant cites *Sheehan* v. *Sullivan,* 126 Cal. 189, [58 Pac. 543], as holding that the sufficiency of the evidence in the light of this rule should be independently considered by the appellate court. It will be noticed in that case that the question was before the supreme court on undisputed evidence. Under such conditions the appellate tribunal may well go to greater lengths in estimating the conclusiveness of the evidence upon the point in issue; but where the conclusion of the trial court is supported by testimony that is clear and convincing in itself, the fact that it is disputed by rebutting testimony does not entitle the appellate court to substitute its judgment for that of the trial court in determining the credibility of the conflicting witnesses. In fact, the supreme court, in *Sheehan* v. *Sullivan, supra,* says on this point: "The question here is not really one of conflicting evidence; the evidence introduced by plaintiff, leaving out of view the fact that it was all contradicted, is not in itself sufficient to show the declaration and creation of the trust as averred in the complaint, or as found by the court." In the matter before us, the testimony of the plaintiff, supported to some extent by the undisputed circum-

stances surrounding the transaction, if accepted as true, is clear and conclusive as to the facts found.

[3] The only question, then, on the merits of this appeal is whether the findings support the judgment declaring a trust in this property against the defendant and in behalf of the plaintiff.

To restate briefly the issue presented: Is a trust estate created in behalf of a wife where she deeds an interest in her separate property to her husband and permits him to take in his name an interest in other property when it is purchased with her separate funds, and the transaction is had without consideration to the wife, at his solicitation, on his representation that he only desires to hold an interest of record for the sake of his business and social credit, and that he will reconvey to her at any time she desires; and where the consent of the wife was induced by these representations and she parted with her title in reliance upon them, and they were made to her in bad faith and with intent to withhold the property from her? Without reviewing and distinguishing the many authorities cited by appellant, we think that every point involved in this issue is determined against him in *Brison* v. *Brison,* 75 Cal. 525, [7 Am. St. Rep. 189, 17 Pac. 689]; 90 Cal. 323, [27 Pac. 186], supplemented by *Dolliver* v. *Dolliver,* 94 Cal. 642, [30 Pac. 4]; *Dimond* v. *Sanderson,* 103 Cal. 97, [37 Pac. 189]; *Cooney* v. *Glynn,* 157 Cal. 583, [108 Pac. 506]; *Jones* Jones, 140 Cal. 587, [74 Pac. 143]; and *Bradley* v. *Bradley,* 165 Cal. 237, [131 Pac. 750].

[4] This action was begun under an ordinary complaint to quiet title. Subsequently, and pending the trial, plaintiff, by leave of court, filed an amended complaint setting up the facts relied upon to defeat defendant's claim of title and establishing the trust in plaintiff's behalf, and praying that such trust be declared and a reconveyance of the premises to plaintiff decreed. Defendant moved to strike out the amended complaint, and contends that the court was in error in denying his motion and permitting the amended complaint, for the reason that it constitutes a new and distinct cause of action. Defendant's own citations of authority seem to be against him, where they refer at all to the question of amendment of the complaint. In *Von Drachenfels* v. *Doolittle,* 77 Cal. 295, [19 Pac. 518], no attempt was

made to amend the complaint below, and the supreme court merely holds that under the complaint to quiet title the court cannot declare and enforce a trust, and that a new trial will not be granted to give appellant an opportunity to amend his complaint. In *Bryan* v. *Tormey,* 84 Cal. 126, [24 Pac. 319], holding that under a complaint to quiet title judgment enforcing a trust could not be upheld, the court says: "If the complaint had been amended at the trial to conform to the proofs and to correspond with the findings, we should have found no difficulty in affirming the judgment. . . . The judgment is reversed and the cause remanded with directions to the superior court to permit the parties to amend their pleadings." **[5]** So long as the action as set out in the amendment is not entirely foreign to the original form of the action, such amendment is within the discretion of the court. So long as the relief sought arises on the same general state of facts—as was obviously the condition here, although more fully stated in the amended complaint—such amendment is proper. (*Frost* v. *Witter,* 132 Cal. 421, [84 Am. St. Rep. 53, 64 Pac. 705]; *Walsh* v. *McKeen,* 75 Cal. 519, [17 Pac. 673]; *Cox* v. *McLaughlin,* 76 Cal. 60, [9 Am. St. Rep. 164, 18 Pac. 100]; *Doolittle* v. *McConnell,* 178 Cal. 697, [174 Pac. 305]; *Porter* v. *Fillebrown,* 119 Cal. 235, [51 Pac. 322].) In the case last cited the amendment changed the cause of action from an action at law to recover on a creditor's claim to an equitable action for an accounting of a trust.

We do not find prejudicial error in the numerous rulings of the court excepted to by appellant.

The judgment is affirmed.

Finlayson, P. J., and Thomas, J., concurred.