[Civ. No. 7154.  Third Dist.  Jan. 14, 1946.]

EMIL GUNDELFINGER, Appellant, v. MARIPOSA COMMERCIAL AND MINING COMPANY (a Corporation), Respondent.

Ralph Robinson for Appellant.

Charles W. Slack and L. V. Edwards for Respondent.

PEEK, J.—The present controversy is the outgrowth of an agreement dated October 19, 1942, wherein appellant agreed to purchase from respondent corporation certain mining property located in Mariposa County. After the execution of said contract, disagreements arose concerning the effect and wording of a reservation in a deed from the respondent to appellant as provided for in said agreement. The numerous discussions between the parties were unproductive of definite results, and on May 27, 1943, the company filed suit against appellant for recovery of the possession of the premises in question and for incidental relief. Summons was served on him on June 11, 1943. He failed to appear and default was entered on July 28, 1943. Judgment thereupon was entered on September 8, 1943. On February 9, 1944, appellant filed a motion under section 473 of the Code of Civil Procedure to vacate said judgment on the grounds of mistake, inadvertence, surprise and excusable neglect, but the motion was abandoned by appellant for the reason that it was not made within the time provided therefor by said code section.

On March 6, 1944, appellant brought suit in equity against the company on two counts, the first one to set aside the default judgment on the ground of fraud, and the second for specific performance of an alleged modified agreement of sale. After submission of the case to the court sitting without a jury, findings of fact, conclusions of law and judgment were adopted and entered in favor of the company. Appellant's motion for a new trial was granted in order to permit the introduction of further evidence, but the subsequent findings of fact, conclusions of law and judgment were for all purposes identical with those entered at the conclusion of the first hearing.

It is appellant's contention herein that the findings are unsupported by the evidence, but neither does his own analysis thereof nor our independent search of the record sustain him in this regard.

The fraud which appellant charges appears to consist chiefly of (1) the statement alleged to have been made by Charles W. Slack, president of the company, that nothing further would be done with the litigation, that negotiations were progressing satisfactorily, and that there would be an amicable adjustment, and (2) the alleged circumstance that the attorney who was acting for appellant in certain matters was friendly toward the corporation, had an indirect interest

in it, and failed to protect appellant's interests in the suit in which his default was taken.

■ However, it appears without dispute that the alleged statement by Charles W. Slack was made after the default had been entered, and that if, as appellant asserted repeatedly, he was "lulled into a false sense of security," this was due to his own incautious or unreasonable conduct rather than to any act or omission on the part of the company or its officers. Appellant does not charge that said Charles W. Slack made any direct promise to him, and it is apparent that there was no fiduciary relationship between the parties. Here, as in the case of *Truett* v. *Onderdonk*, 120 Cal. 581, 588 [53 P. 26], the parties were dealing at arm's length and in the face of litigation, yet plaintiff took no measure whatsoever to verify the alleged statements of defendant's agents as to the actual facts with reference to the alleged contract, apparently content to rest in blind confidence upon the representations and conduct of said agents—even though here, just as in that case, the conduct on which plaintiff relied, if it was such as he charges in his complaint, was sufficient to "arouse his just suspicions and put him upon inquiry as to the defendant's good faith." (See, also, *Rudy* v. *Slotwinsky*, 73 Cal.App. 459, 464-465 [238 P. 783].)

■ The further contention that appellant was induced to forego his defense of the suit brought by the company against him, by reason of the wrongful conduct of his attorney induced by the collusive action of the company, is likewise without support in the evidence. While testifying in his own behalf appellant admitted that he never asked his attorney to represent him in the defense of the suit, and there is nothing to show that he had reason to assume that this would be done without a special agreement.

Indeed, appellant's theory on this phase of the case is too vague and equivocal to permit any rationalized discussion thereof. A summary of this portion of his brief shows that it was only "since the trial of the case" that he came to the conclusion that his counsel was either deceived, or was careless and negligent and let the time for appearance go by for that reason, or was attempting to act as Gundelfinger's attorney and also as the attorney for the Mariposa Company, the last being the position which he feels the exhibits produced by the defendant company clearly establish—a position

which he contends was thoroughly brought to the court's attention upon the hearing of the motion for new trial.

However, appellant fails to call to our attention the particular evidence that so clearly establishes any of these theories, and our search of the record does not disclose such evidence.

It always must be borne in mind that fraud should not be charged lightly. It is a serious impugnation of the integrity of the accused, and when asserted must be proved beyond a mere peradventure. As stated in the previously cited case of *Truett* v. *Onderdonk*, 120 Cal. 581, at page 588 [53 P. 26]:

"The presumption is always against fraud, a presumption approximating in strength to that of innocence of crime, and it should not be deemed overcome, even *prima facie*, upon a showing so intangible and shadowy."

Moreover, where, as here, it is sought to have a judgment set aside on the ground of extrinsic fraud, every essential element of actionable fraud must be made to appear, and in addition the plaintiff must excuse his failure to make application to the court that rendered the judgment, within the six month period allowed by law for the filing of such a motion. No valid reason is apparent why appellant did not make timely application after he discovered the facts on which his charge of fraud is predicated. (*Wheat* v. *McNeill*, 111 Cal.App. 72, 78 [295 P. 102]; *Hersom* v. *Hersom*, 67 Cal.App. 116, 119 [226 P. 937]; see, also, 15 Cal.Jur., p. 26, § 127.)

With regard to the second count of the complaint, wherein appellant seeks specific performance of an alleged modification of the contract, there is no evidence whatsoever to show that he would be in a position to perform his part of the agreement if he were permitted to do so. He does not tender the purchase money, neither does he show that he has a good defense to the claim of the company for possession of the property under a modified agreement. Furthermore, appellant fails to allege or prove that the terms of the contract sought to be enforced specifically are just and reasonable and that the consideration is adequate—fundamental requirements that may not be disregarded. (Civ. Code, § 3391; 23 Cal.Jur., p. 438, § 16; *Eichholtz* v. *Nicoll*, 66 Cal. App. 2d 67, 69-70 [151 P.2d 664].)

The determination reached by the trial court in this case is amply sustained by the pleadings and the evidence.

The judgment is affirmed.

Adams, P. J., and Thompson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 14, 1946. Schauer, J., voted for a hearing.