[Civ. No. 4016. Fourth Dist. Apr. 5, 1950.]

A. J. QUINDT et al., Appellants, v. H. J. KILPATRICK et al., Respondents.

Lawrence W. Young for Appellants.

W. A. McGugin for Respondents.

MUSSELL, J.—Action for rescission of contract to purchase real and personal property. The property involved in this action was owned by the defendants and situated on State Highway 180, between the city of Fresno and General Grant National Park. The property was listed for sale with a real estate broker and on January 26, 1948, defendants, as sellers, and Albert A. Alloro, and plaintiff Florence Quindt, as buyers, signed a real estate deposit receipt for the purchase of the real estate and personal property thereon for the total purchase price of $17,000. Mr. Alloro declined to proceed with the contract of purchase, and by agreement of the parties, was relieved therefrom.

Before signing the escrow instructions, plaintiffs visited the property and were shown some 11 buildings located on it and the boundaries as marked on the ground by fences which had been erected by the defendants. On February 13, 1948, as alleged in plaintiffs' complaint, the agreement was reduced to writing and contained in escrow instructions signed by the plaintiffs and defendants.

The plaintiffs, upon inspecting the premises prior to the escrow, stated that they expected to use the property for an auto court, grocery store and service station and were satisfied from their inspection that the property was sufficiently large for their purposes. Plaintiffs asked defendant H. J. Kilpatrick what the acreage was and were informed by him that the property contained approximately 3½ or 4 acres. Mr. Kilpatrick stated that he did not know exactly how much land there was but thought that there was between 3 to 4 acres. The escrow instructions contained no statement as to the acreage, but contained an accurate dimensional description of the property. The plaintiffs admittedly read the correct description of the property as contained in the escrow instructions before signing the document.

Plaintiffs deposited $5,000 in escrow as a portion of the down payment agreed upon and subsequently $3,000 of this payment was released to defendants to enable them to build an additional store building on the property. The plaintiffs then operated and assisted in the operation of the property for several weeks and then decided not to proceed any further with their agreement to buy and brought this action for a cancellation of the escrow agreement on the ground that the defendants had falsely represented to them that the property contained 4 acres. A trial was had by the court without a jury and judgment entered in favor of the defendants. This appeal followed.

The trial court found that the allegations of fraud and misrepresentations contained in plaintiffs' complaint were untrue; that the parties entered into the written contract as alleged in plaintiffs' complaint and on February 13, 1948, signed the escrow instructions; that only $5,000 was paid on account of the purchase price and that plaintiffs were in default; that plaintiffs knew the correct dimensions of the property at all times and had been informed that it contained between 3 and 4 acres; that plaintiffs did not rely upon any representations that there were 4 acres in the property.

The only question involved on this appeal is whether there was any substantial evidence to support the findings and judgment.

The weight and sufficiency of the evidence, the construction to be put upon it and the inferences to be drawn therefrom, as well as the question as to the credibility of witnesses and determination of conflicts and inconsistencies in the testimony were matters for the determination of the trial court. (*Dillard* v. *McKnight,* 34 Cal.2d 209, 223 [209 P.2d 387].)

In the instant case the trial court evidently believed and accepted the testimony of the defendants as to their statements concerning the acreage involved in the property which the plaintiffs agreed to buy. This the trial court was authorized to do. (*Bechtold* v. *Bishop & Co., Inc.,* 16 Cal.2d 285, 291 [105 P.2d 984].) The burden of proving false representations was upon the plaintiffs (*Fares* v. *Morrison,* 54 Cal.App.2d 773, 776 [129 P.2d 735]), and the presumption is always against fraud. (*Gundelfinger* v. *Mariposa etc. Min. Co.,* 72 Cal. App.2d 540, 544 [165 P.2d 57].) In view of the evidence and the presumption, we are not impressed with plaintiffs' contention that there was no substantial evidence to support the findings of the court. Plaintiffs inspected the property, they were shown its boundaries, they admitted that there was sufficient area to serve their purposes and the trial court concluded that they were not induced to buy by any statement as to possible acreage. Furthermore, as admitted by them, they were informed of the correct dimensions of the property and read the description in the escrow instructions, which constituted the written contract of sale.

The real estate deposit receipt contained a statement that the property was of approximately 4 acres without the road, but the land was sold by metes and bounds and the acreage involved was not stated in the contract relied upon as one of the principal conditions of the contract. (*Board of Commissioners* v. *Younger,* 29 Cal. 172, 178.)

As defined in *Ross* v. *Keaton Tire & R. Co.,* 57 Cal.App. 50, 52 [206 P. 645], the word "approximately" means "about" and is used in the sense of an estimate merely, meaning more or less, about and near the amount, quantity or distance specified.

The trial court found that the property in question contained approximately 3.5 acres and this finding is supported by evidence that the property actually situated within the boundaries of the fences and agreed to be sold by defendants

constituted more than the acreage described in the escrow instructions.

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing was denied April 28, 1950, and appellants' petition for a hearing by the Supreme Court was denied June 1, 1950.