[Civ. No. 17865.   Second Dist., Div. Two.   Nov. 16, 1950.]

LEONARD J. MILLS, Respondent, v. GLADYS GLAD HELLINGER et al., Defendants; GEORGE MICHEL KATEB et al., Appellants.

Desser, Rau, Christensen & Hoffman and Jack J. Lande for Appellants.

Gilbert Klein for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff after trial before the court without a jury in an action to recover a deposit of $6,750 paid on account of the purchase price of a parcel of real property, defendants Kateb and Hellinger appeal.

The evidence being viewed in the light most favorable to plaintiff (respondent) (*Estate of Isenberg*, 63 Cal.App.2d 214, 216 [146 P.2d 424]), the material facts are:

On September 28, 1948, in response to an advertisement appearing in the Los Angeles Times, plaintiff attended an auction of real property conducted by George M. Kateb for and on behalf of his principal, Gladys Glad Hellinger, the owner of the property. This property which was purchased by plaintiff at the sale for the sum of $67,500, was both advertised and orally represented by the auctioneer as containing 9 acres of land when in fact the acreage was only approximately 6.6 acres. In making the purchase plaintiff relied on the above mentioned representations and did not become aware of their falsity until nearly a week after the sale at which time he gave defendants written notice of rescission of the contract and demanded the return of the $6,750 paid by him as a deposit on account of the purchase price. The court found in favor of plaintiff on the material allegations of the complaint and gave judgment in his favor.

*Questions:* First: *Were the findings hereinafter set forth sustained by substantial evidence?*

This question must be answered in the affirmative.

Finding I: That defendant Gladys Glad Hellinger was the owner of the real property involved in the controversy.

Defendant Kateb testified that defendant Hellinger was the owner of the property.

Finding II: That defendant Kateb was employed by defendant Hellinger to sell the real property at auction, and at all times was her duly authorized agent pertaining to the sale thereof.

The parties stipulated at the time of trial that the foregoing was the fact.

Finding III: That defendants advertised in the Los Angeles Times that the property consisted of 9 acres of land.

Plaintiff's exhibit No. 1 which was a copy of the advertisement sustains the foregoing finding.

Finding IV: That defendant Kateb on the date of the sale represented that the property consisted of approximately 9 acres of land.

Plaintiff testified that defendant Kateb at the time of the sale several times said the land consisted of approximately 9 acres.

Finding V: That the written and oral representations describing the property in question as being 9 acres were false in that the property in question consisted of 6.6 acres only.

The parties stipulated that the foregoing was a fact at the time of trial.

Finding VI: That defendants at the time of making the aforesaid representations did so for the purpose and with the intent of having plaintiff rely upon them.

Defendant Kateb admitted that he knew at the time of sale that the property did not consist of 9 acres but 6.6 acres, and that the statement in the advertisement was erroneous.

Finding VII: That plaintiff was unfamiliar with the property or with the amount of acreage it contained and placed full confidence in the representations made to him by defendants and relied upon them.

Plaintiff gave direct testimony supporting the foregoing finding.

Finding VIII: That in reliance upon the aforesaid representations plaintiff entered into the contract with defendants for the purchase of the real property for the sum of $67,500 and had it not been for defendants' representations and plaintiff's reliance thereon he would not have entered into the contract.

Plaintiff gave direct testimony in support of the foregoing finding.

Finding IX: That plaintiff did not become aware of the fact that the real property consisted of 6.6 acres instead of 9 acres until on or about the 5th day of October, 1948.

Plaintiff gave direct testimony in support of the foregoing finding.

Finding X: That on or about the 6th day of October, 1948, plaintiff gave defendants written notice of rescission of the contract and demanded repayment to him of the sum of $6,750, and that such sum has not been repaid.

Plaintiff gave direct testimony supporting the foregoing finding.

Finding XI: That without any fault on the part of plaintiff but solely through the fault of defendants there was a material failure of consideration for the contract entered into by and between plaintiff and defendants in that the real property consisted of approximately 6.6 acres of land instead of 9 acres.

The testimony above related supports this finding.

■ Second: *Did the foregoing findings of fact support the trial court's judgment?*

This question must likewise be answered in the affirmative. The law is settled that a misrepresentation of the area of real property is a misrepresentation of a material fact and if relied upon may be the basis for a rescission of a contract of sale. (*Dohrman* v. *J. B. Roof, Inc.*, 108 Cal.App. 456, 463 [291 P. 879]; *Younis* v. *Hart*, 59 Cal.App.2d 99, 103 [138 P.2d 323].)

■ It is likewise established that the owner of land is presumed to know the area and boundaries of his own land. The case of *Robins* v. *Hope*, 57 Cal. 493, 495, was not overruled by *Seeger* v. *Odell*, 18 Cal.2d 409 [115 P.2d 977, 136 A.L.R. 1291]. The latter case merely held that the owner of property in California was not conclusively presumed to know the state of his title. (See page 416.)

■ Third: *Was the misrepresentation as to the acreage of land a material one?*

This question must also be answered in the affirmative. The property in question was approximately 3 blocks north of Hollywood Boulevard and one block east of LaBrea Avenue, and had a value of approximately $5,000 per acre. It is therefore obvious that a deficiency of 2.4 acres out of a tract supposed to contain 9 acres constituted a material misrepresentation.

■ Fourth: *Was the evidence to sustain fraud clear, satisfactory and unequivocal?*

This question must be answered in the affirmative. The rule is that in fraud cases the evidence must be clear, satis-

factory and conclusive, and whether it is or not is primarily for the trial court. (*Ford* v. *Ford,* 44 Cal.App. 415, 418 [186 P. 164]; *Quindt* v. *Kilpatrick,* 96 Cal.App.2d 824, 826 [216 P.2d 481].) ▇ We must presume that the trial court in reaching its conclusion observed this rule in view of the fact that there is substantial evidence to support each and every finding.

▇ Fifth: *Was plaintiff justified in relying upon defendants' representation as to the acreage of the land in dispute?*

This question too must be answered in the affirmative. The law is established that a plaintiff has the right to rely on a vendor's representation as to the quantity of land he is offering for sale, and that the vendee is not under a duty to make an independent investigation. (*Quarg* v. *Scher,* 136 Cal. 406, 410 [69 P. 96]; *Eichelberger* v. *Mills Land & Water Co.,* 9 Cal.App. 628, 638 [100 P. 117].)

▇ Sixth: *Was plaintiff presumed to know the extent of the land because it was a matter of public record?*

This question must be answered in the negative. ▇ The purpose of the recording acts is not to afford protection to those who make fraudulent representations but to bona fide purchasers for value. Therefore the party to whom fraudulent representations are made is not bound to make an investigation which would reveal the facts. (*Seeger* v. *Odell,* 18 Cal.2d 409, 414 et seq. [115 P.2d 977, 136 A.L.R. 1291].)

▇ Seventh: *Since plaintiff did not make the payments due under the contract was he estopped from maintaining the present action?*

This question must likewise be answered in the negative. In an action for rescission, upon the grounds of fraud, a plaintiff need not prove that he has kept up the payments required of him by his contract. (*Lubarsky* v. *Chavis,* 99 Cal. App. 610, 614 [279 P. 205]; *Lombardi* v. *Sinanides,* 71 Cal. App. 272, 277 [235 P. 455].)

▇ Eighth: *Was plaintiff barred from maintaining the present action because he may have purchased the property with the thought of reselling it and later found that he could not?*

This question is immaterial since a vendee's motive for rescinding a contract of purchase is not a proper subject of inquiry when, as in the instant case, a legal reason for rescission exists and the vendee has relied thereon. (*Dohrman*

v. *J. B. Roof, Inc.,* 108 Cal.App. 456, 464 [291 P. 879] ; *De Bairos* v. *Barlin,* 46 Cal.App. 665, 672 [190 P. 188].)
Judgment affirmed.

Moore, P. J., and Wilson, J., concurred.

A petition for a rehearing was denied November 29, 1950, and appellants' petition for a hearing by the Supreme Court was denied January 11, 1951.