[S. F. No. 1113.   Department Two.—June 8, 1899.]

JOHN T. DOYLE, Respondent, v. REPUBLIC LIFE INSUR-
ANCE COMPANY. SAMUEL D. WARD, Receiver, et
cetera, Appellant.

APPEAL—DISMISSAL—ORDER REFUSING TO VACATE DEFAULT JUDGMENT.
An appeal from an order refusing to vacate a judgment by de-
fault, being from an order made after final judgment, must be
taken within sixty days from the date of the order, and if not
so taken must be dismissed.

ID.—NONAPPEALABLE ORDER—DENIAL OF NEW TRIAL OF MOTION.—It is
not proper practice to move for a new trial of a motion to
vacate a judgment; and the order refusing to vacate the judg-
ment being appealable, a subsequent order refusing to vacate
it, or denying a motion for a new trial thereof, is not appeal-
able, and an appeal therefrom must be dismissed.

APPEALS from orders of the Superior Court of San Mateo
County, refusing to vacate a judgment by default, and denying
a new trial of the motion.   George H. Buck, Judge.

The facts are stated in the opinion of the court.

Vincent Neale, for Appellant.

Garret W. McEnerney, for Respondent.

HENSHAW, J.—Plaintiff had obtained judgment against the
Republic Life Insurance Company, a corporation organized un-
der the laws of the state of Illinois.   The service of the sum-
mons was by publication and mailing, and the defendant cor-
poration suffered default.   One year less eleven days after en-
try of this judgment S. D. Ward asked that it be vacated, and
that he, as receiver of the defendant corporation under ap-
pointment of the circuit court of Illinois, be permitted to an-
swer to the merits of the action.   His motion was denied by an
order given on May 12, 1896.   Thereafter he moved for a new
trial of this motion, and by its order of May 8, 1897, the court
denied his latter application.   He took his appeals from both
of these orders after that date.

Neither of these appeals can be entertained.   The order of
the court refusing Ward leave to answer was not a final judg-

ment, but was an order made after final judgment. His appeal therefrom was not taken within sixty days. (Code Civ. Proc., sec. 939, subd. 3.) It must, therefore, be dismissed.

The order denying the motion for a new trial of the petition for leave to answer is not appealable: 1. Because the practice of moving for a new trial of a motion is one neither countenanced nor permitted by our procedure (Code Civ. Proc., secs. 590, 656); and 2. Because a subsequent order refusing to vacate an appealable order, which has been regularly and advisedly made, is not appealable. (*Harper v. Hildreth,* 99 Cal. 265.)

Both of the appeals are, therefore, ordered dismissed.

Temple, J., and McFarland, J., concurred.