[Civ. No. 22352. Second Dist., Div. One. Sept. 18, 1957.]

PATRICK J. CORCORAN, Appellant, v. CITY OF LOS ANGELES et al., Respondents.

Patrick J. Corcoran, in pro. per., for Appellant.

Roger Arnebergh, City Attorney, Bourke Jones, Assistant City Attorney, and George Williams Adams, Deputy City Attorney, for Respondents.

FOURT, J.—This is an appeal from an order ''denying plaintiff's motion for leave to renew motion to vacate judgment . . . and from the order of the court on the same.''

Appellant is not an attorney at law and is attempting to represent himself, and being unfamiliar with the law and the writing of briefs, there are, as a consequence thereof, many pages of matter in the briefs which are wholly out of place and incompetent in this proceeding.

In September of 1954, the plaintiff filed a proceeding in mandamus to compel the city of Los Angeles to reinstate him to a position from which he had been discharged on June 18, 1952. A judgment of dismissal was entered on October 26, 1954, following the sustaining of respondents' demurrer to the appellant's first amended complaint. An appeal was taken from that judgment and on November 9, 1955, in *Cor-*

*coran* v. *City of Los Angeles,* 136 Cal.App.2d 839 [289 P.2d 556], the trial court was affirmed. In the opinion just mentioned it is said (at page 841):

"The instant action was filed September 1, 1954. The trial court sustained the demurrer on the ground that the amended complaint failed to allege any facts showing a reason for the delay in instituting the action and therefore laches barred plaintiff's alleged cause of action.

"This is the sole question necessary for us to determine:

"*Did the amended complaint show upon its face that plaintiff's cause of action was barred by laches?*

"*Yes.*"

During all of the time up to the decision in the District Court of Appeal, appellant was represented by competent counsel.

On July 13, 1956, some eight months after the District Court of Appeal opinion, the appellant, in his own proper person, filed a notice of motion to vacate the judgment rendered on October 19, 1954. The grounds for the relief sought, as set forth in the notice of motion, were that the judgment was obtained by fraud and collusion practiced by the attorneys representing both parties. No affidavits were filed, nor was any evidence offered to support the charges. The motion to vacate the judgment was heard and denied on July 20, 1956.

Without securing any leave of court to do so, as required by section 1008 of the Code of Civil Procedure, appellant, on August 3, 1956, filed a "Notice of leave for Renewal of Motion to Vacate Judgment." That motion was heard on August 10, 1956, and denied on August 14, 1956.

On September 13, 1956, the appellant filed his notice of appeal which, in part, reads as follows:

"Please take notice that plaintiff in the above-entitled action hereby appeals to the Supreme Court of the State of California from that certain ruling of August 14, 1956, as per your notice of August 15, 1956, in favor of all the Defendants and against the above-named plaintiff, denying plaintiff's motion for leave to renew motion to vacate judgment in the above entitled action, and from the whole of said ruling, and from the order of the court on the same."

It is apparent that no appeal was taken from the order of July 20, 1956, unless the words in the notice of appeal "and from the order of the court on the same" refer back to such order. We believe the appellant intended, by his notice of appeal, to appeal from the order made on August 14, 1956,

and that the phrase "and from the order of the court on the same" refers to the order of August 14, 1956, and none other.

Many contentions are raised by the appellant which are not properly before us, and it is difficult indeed to sift from the many pages of matter that which is pertinent and proper.

There is considerable doubt whether the order appealed from is an appealable order. See *Smith* v. *Questa,* 58 Cal.App. 1, 5 [207 P. 1036], where the court said:

"The order refusing to hear defendant's application for a rehearing of his motion to vacate the judgment is not appealable, and therefore must be dismissed. The first order, that made on defendant's original motion to set aside the judgment, was an appealable order. An appeal will not lie from an order refusing to set aside a former appealable order, made regularly and advisedly. Such subsequent order is the mere negative action of the court declining to disturb its first decision. It is the first decision, and not the refusal to alter it, which is the proper subject of complaint. (*Henly* v. *Hastings,* 3 Cal. 341; *Harper* v. *Hildreth,* 99 Cal. 265 [33 P. 1103] . . .; *Doyle* v. *Republic Life Ins. Co.,* 125 Cal. 15 [57 P. 667] . . .)"

And, as in *Reynolds* v *Reynolds,* 191 Cal. 435, 437 [216 P. 619], where it is said:

" 'If the grounds upon which the party sought to have a judgment vacated existed before the entry of the judgment and would have been available on an appeal from the judgment, an appeal will not lie from an order refusing the motion. The party aggrieved by a judgment or order must take his appeal from such judgment or order itself, if an appeal therefrom is authorized by statute, and not from a subsequent order refusing to set it aside. The reason for denying an appeal in the latter case is not because the order on the motion to vacate is not within the terms of section 963 of the code allowing appeals, for it may be, and indeed, an order refusing to vacate a final judgment is in its very nature a special order made after judgment, but because it would be virtually allowing two appeals from the same ruling, and would, in some cases, have the effect of extending the time for appealing contrary to the intent of the statute. A further reason is that the order on the motion is merely negative action of the court declining to disturb its first decision. The first decision being reviewable, the refusal to alter it any number of times will not make it less so.' "

We are, however, loath to dismiss the appeal upon our own

motion, under the circumstances of this particular case, even though not to do so stretches the rule of liberality in appeals to almost the breaking point. (*Schmidt* v. *Townsend,* 103 Cal. App.2d 185, 186-187 [229 P.2d 488].)

We have read carefully all of the notices of motions filed by the appellant and the exhibits attached thereto and we find no properly verified factual support for his claim of fraud and collusion. ▮ There must be substance in a charge of fraud, and not just vague and equivocal generalities and conclusions based on conjecture and suspicion. (*Gundelfinger* v. *Mariposa etc. Min. Co.,* 72 Cal.App.2d 540 [165 P.2d 57].) ▮ The presumption is always against fraud. ▮ As said in *Hannon* v. *Madden,* 214 Cal. 251, at page 267 [5 P.2d 4] : ''Fraud being a term which imputes venality and corruption to the person charged, should be clearly proved and satisfactorily established, especially where the persons charged are public officers vested with wide discretionary powers. If official acts may be explained on any reasonable theory of duty honestly, even though mistakenly performed, they must be resolved in favor of the presumption, which may not be lightly ignored. This is made doubly true where no substantial evidence, as in the instant case, points to a corrupt motive or dishonest purpose on the part of the accused.''

We have found a complete absence of any proof of fraud in the case and we believe that it would have been error for the trial court to have granted the motion to vacate. ▮ It was said in *King* v. *Superior Court,* 12 Cal.App.2d 501, at pages 513-514 [56 P.2d 268] : ''. . . We conceive the correct rule to be applied to cases of this kind is, that a court has inherent power and jurisdiction to vacate, on motion, an order or judgment obtained by extrinsic fraud, but if such fraud is not proved it must be held to have exceeded its jurisdiction in vacating an order or judgment. Upon a proper application being filed it had the power to inquire into the existence of extrinsic fraud but upon the entire failure of any proof of such fraud any action taken which could only be supported by its existence was in excess of its jurisdiction and subject to annulment in a proceeding of this kind.''

▮ Furthermore, the appellant was guilty of laches on the face of the matter. He waited about eight months after the decision in the District Court of Appeal before filing his first notice of motion to vacate the judgment, and there is no reason whatsoever set forth for such a delay. (*Glougie* v. *Glougie,*

174 Cal. 126, 131 [162 P. 118] ; *Benjamin* v. *Dalmo Mfg. Co.,* 31 Cal.2d 523, 531-532 [190 P.2d 593] ; *Sheehan* v. *Osburn,* 138 Cal. 512 [71 P. 622].)

■ As to the record before us, in reference to the proceedings on the motion for "leave for renewal of motion to vacate," we find nothing therein which could in any wise suffice for the court to reverse the order of July 20th, 1956. In *Kenney* v. *Kelleher,* 63 Cal. 442, at page 444, the court stated : "It was said in *Ford* v. *Doyle,* 44 Cal. 635, that the doctrine of *res adjudicata,* in its strict sense, does not apply to motions made in the course of practice, and the court may, upon a proper showing, allow a renewal of a motion once decided. It is added that this leave will rarely be granted unless it appears that a new state of facts has arisen since the former hearing, or that the then existing facts were not presented by reason of surprise or excusable neglect.

"But this is not a determination that leave may never be granted upon the same facts more fully stated. The granting or refusing of leave to renew the motion is within the legal discretion of the court, which we ought not to interfere with except in case of abuse."

No showing whatsoever has been made to the effect that the trial court abused its discretion in denying the motion and we should, therefore, not interfere.

The order appealed from is affirmed.

White, P. J., and Drapeau, J. pro tem.,* concurred.

A petition for a rehearing was denied October 8, 1957, and appellant's petition for a hearing by the Supreme Court was denied November 13, 1957.

---

*Assigned by Chairman of Judicial Council.