[No. A134371. First Dist., Div. Three. Sept. 26, 2012.]

TIMOTHY PHILLIPS et al., Plaintiffs and Appellants, v.
SPRINT PCS et al., Defendants and Respondents.

### COUNSEL

Franklin & Franklin, J. David Franklin; and Anthony A. Ferrigno for Plaintiffs and Appellants.

Shook, Hardy & Bacon, Tammy B. Webb, Matthew J. Vanis; Kelley Drye & Warren and Joseph A. Boyle for Defendants and Respondents.

### OPINION

**POLLAK, J.**—In a consumer class action alleging misrepresentation of cellular telephone rates, the trial court in 2006 denied defendants' motion to compel arbitration based upon a finding that the provisions in the underlying customer contracts requiring bilateral arbitration and waiving a class action are unconscionable under California law. Years later, after the United States Supreme Court abrogated the California rule and upheld the validity of class action waivers in consumer contracts (*AT&T Mobility LLC v. Concepcion* (2011) 563 U.S. ___ [179 L.Ed.2d 742, 131 S.Ct. 1740] (*Concepcion*)), defendants renewed the motion to compel arbitration. After revisiting its prior order based on the intervening change of law, the trial court granted the motion. Plaintiff appeals, contending that the initial order denying arbitration is res judicata, precluding a renewed motion and reconsideration. We conclude that renewal of the motion was proper and shall affirm the order compelling arbitration.

### STATEMENT OF FACTS AND PROCEDURAL HISTORY

In December 2003, Diane Tucker brought an action against Sprint PCS and Sprint Spectrum L.P. (collectively, Sprint) alleging that Sprint misrepresented its cellular telephone rates to consumers. (Bus. & Prof. Code, § 17200 et seq.; the unfair competition law.) Tucker was not a Sprint customer and her claims were dismissed for lack of standing after the unfair competition law was amended to limit recovery to those who have lost money or property. (Bus. & Prof. Code, § 17204.) Sprint customers Pamela Meyer and Timothy Phillips were substituted into the action as plaintiffs, and in 2005 they filed a first amended complaint asserting a putative class action against Sprint. Meyer

was later voluntarily dismissed from the case and Phillips became the sole named plaintiff.

In 2006, Sprint filed a motion to compel arbitration under a provision in its customer agreement mandating individual arbitration of disputes. (Code Civ. Proc., § 1281.2.) The arbitration provision applies to "all claims, controversies or disputes" including claims relating to services and advertising, and precludes resolution of disputes "on a class-wide basis." Under the terms of the provision, the Federal Arbitration Act (FAA; 9 U.S.C. § 1 et seq.), not California law, "govern[s] all questions of whether a claim is subject to arbitration."[1]

Plaintiff opposed the motion arguing, among other things, that the class action waiver is unconscionable. Plaintiff relied upon *Discover Bank v. Superior Court* (2005) 36 Cal.4th 148, 153 [30 Cal.Rptr.3d 76, 113 P.3d 1100] (*Discover Bank*), which held that "class action waivers in consumer contracts of adhesion are unenforceable" under certain circumstances. In *Discover Bank*, the California Supreme Court also concluded that the FAA does not preempt California law in this respect. (36 Cal.4th at p. 153.) Basing its decision on *Discover Bank*, the trial court denied Sprint's motion to compel arbitration. Sprint did not appeal that order.

In 2008, the trial court certified a class of all Sprint consumer and business subscribers who contracted with Sprint in California for wireless telephone service between May 2000 and June 2008. In 2010, the United States Supreme Court granted certiorari in another cellular telephone company class action in which the court applied the *Discover Bank* rule to hold a class action waiver unconscionable. (*Concepcion, supra,* 563 U.S. at pp. ___–___ [131 S.Ct. at pp. 1744–1745].) Sprint moved to stay the proceedings in this case pending resolution of *Concepcion*, arguing that "[a] reversal in *Concepcion* likely would require this court to reconsider the order denying

---

[1] The arbitration provision, in relevant part, reads as follows: "Mandatory Arbitration of Disputes. Instead of suing in court, you and Sprint agree to arbitrate any and all claims, controversies or disputes against each other arising out of or relating to this agreemen[t], including, without limitation, the services, any phones/equipment, or advertising, even if it arises after your services have terminated, and including claims you may bring against Sprint's employees, agents, affiliates or other representatives, or that Sprint may bring against you ('claims'). The Federal Arbitration Act applies to this agreement and its provisions, not state law, govern all questions of whether a claim is subject to arbitration. This provision does not prevent either you or Sprint from bringing appropriate claims in small claims court, before the Federal Communications Commission or a state public utilities commission. [¶] You and Sprint further agree that neither Sprint nor you will join any claim with the claim of any other person or entity in a lawsuit, arbitration or other proceeding; that no claim either Sprint or you has against the other shall be resolved on a class-wide basis; and that neither Sprint nor you will assert a claim in a representative capacity on behalf of anyone else. If for any reason this arbitration provision does not apply to a claim, we agree to waive trial by jury."

Sprint's petition to compel arbitration, and compel this case to a bilateral arbitration." The court granted the stay, excepting limited discovery.

In April 2011, the United States Supreme Court issued its opinion in *Concepcion*, holding that the FAA preempts California's *Discover Bank* rule on the unconscionablity of class action waivers in consumer contracts. (*Concepcion, supra*, 563 U.S. at pp. ___–___ [131 S.Ct. at pp. 1745–1753].) The high court held that "[b]ecause it 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress,' [citation], California's *Discover Bank* rule is preempted by the FAA." (*Id.* at p. ___ [131 S.Ct. at p. 1753].) The court "consider[ed] whether the FAA prohibits States from conditioning the enforceability of certain arbitration agreements on the availability of classwide arbitration procedures" (*id.* at p. ___ [131 S.Ct. at p. 1744]), and held that it does. "[C]lass arbitration, to the extent it is manufactured by *Discover Bank* rather than consensual, is inconsistent with the FAA." (*Id.* at p. ___ [131 S.Ct. at p. 1751].)

In June 2011, Sprint renewed its motion to compel arbitration based upon the change in law effected by *Concepcion*. (Code Civ. Proc., § 1008, subd. (b).) Sprint asked the court to revisit its 2006 order and to compel plaintiff to pursue his claim in bilateral arbitration. In opposing the motion, plaintiff contended that the prior order denying arbitration was res judicata, precluding Sprint from relitigating the enforceability of the contractual arbitration provision.

The court rejected plaintiff's contention and granted Sprint's renewed motion and, alternatively, exercised its own discretion to reconsider the prior order in light of a significant change in law. (Code Civ. Proc., § 1008, subds. (b), (c).) The court observed: "*Concepcion* has resulted in a significant clarification of the federal Arbitration Act—and a major change in California law. It goes to the heart of the issue [Sprint] raised early in the case. Now, according to the United States Supreme Court, it appears the arbitrability issue was wrongly decided by this court insofar as it relied on *Discover Bank*. [¶] Were the case poised for trial . . . the court might not exercise its discretion to rehear the matter. But so little has been done, and the case has been so little advanced, that it appears reasonable to reconsider a matter as fundamental as this." Having considered the renewed motion to compel in light of *Concepcion*, the court granted Sprint's motion to compel bilateral arbitration by the sole remaining named plaintiff. The court directed Sprint to "prepare an appropriate form of order" to address "what further proceedings, if any, need be had in this court, including with regard to the class members whose claims were certified in 2008."

Sprint submitted a proposed form of order compelling arbitration by the named plaintiff and dismissing the class claims. Plaintiff objected to the

proposed order, asserting that class claims remain viable because there are class members without arbitration agreements and the arbitrator might deny enforcement of plaintiff's arbitration agreement and return the case to the civil court. Plaintiff also filed a motion for reconsideration of the order compelling arbitration. The court issued a formal order compelling arbitration between plaintiff and Sprint but deferring consideration of the class claims until it ruled on the motion for reconsideration. The court subsequently issued an order denying plaintiff's motion for reconsideration under Code of Civil Procedure section 1008, but indicated that sua sponte it would reconsider the entire arbitrability issue and ordered further briefing. However, plaintiff filed a notice of appeal before the briefing was complete and before the court reached the issue of how the claims of other class members would be resolved.

## DISCUSSION

I. *The order compelling arbitration is not appealable. The appeal will be treated as a petition for a writ of mandate and reviewed on that basis.*

■ Sprint asserts that this court does not have jurisdiction to hear this appeal because an order compelling arbitration is not appealable. Ordinarily, no immediate appeal lies from an order compelling arbitration and review of the order must await appeal from a final judgment entered after arbitration. (*Abramson v. Juniper Networks, Inc.* (2004) 115 Cal.App.4th 638, 648 [9 Cal.Rptr.3d 422].) Plaintiff concedes this point but argues that the order to individually arbitrate his dispute with Sprint effectively rang the "death knell" for the class claims, making the order immediately appealable. The death knell doctrine is applied to orders in class actions that effectively terminate class claims, such as orders denying class certification or decertifying a class, while allowing individual claims to persist. (*In re Baycol Cases I & II* (2011) 51 Cal.4th 751, 757, 762 [122 Cal.Rptr.3d 153, 248 P.3d 681]; *Safaie v. Jacuzzi Whirlpool Bath, Inc.* (2011) 192 Cal.App.4th 1160, 1168 [122 Cal.Rptr.3d 344].) The doctrine is animated by the concern "that an individual plaintiff may lack incentive to pursue his individual claims to judgment, thereby foreclosing any possible appellate review of class issues." (*Baycol, supra*, at p. 758.) To preserve appellate review of class issues, the death knell doctrine permits appeal from "an order that . . . amounts to a de facto final judgment for absent plaintiffs, under circumstances where . . . the persistence of viable but perhaps de minimis individual plaintiff claims creates a risk no *formal* final judgment will ever be entered." (*Id.* at p. 759.) Under this doctrine, an order compelling a plaintiff to pursue his or her claim in arbitration and dismissing the action as to all other members of the class has been held to be immediately appealable. (*Franco v. Athens Disposal Co., Inc.* (2009) 171 Cal.App.4th 1277, 1288 [90 Cal.Rptr.3d 539].)

■ Sprint contends that the death knell doctrine is inapplicable here because the class member claims have not been dismissed. Plaintiff responds that the class member claims were *effectively* dismissed by the order compelling arbitration of his claim because the subscriber agreements of all other class members contain the same arbitration provision, so that "each and every 'substituted' class representative would be forced to arbitrate his or her claims on an individual basis. Under such circumstances, no class claims could ever be litigated." This contention represents a complete turnabout from the position plaintiff asserted in the trial court. In the trial court, plaintiff objected to the proposed order dismissing class claims by arguing that "there are class members in this case who have no arbitration agreement with Sprint who could be inserted in this case as class representatives, and pursue this action." Sprint argues that plaintiff should be judicially estopped from first asserting the viability of class claims to defeat a dismissal order and then asserting the nonviability of those claims to establish a right to appeal from that order. Sprint's argument has some force: a party may be judicially estopped " ' "from asserting a position in a legal proceeding that is contrary to a position previously taken in the same or some earlier proceeding." ' " (*Scripps Clinic v. Superior Court* (2003) 108 Cal.App.4th 917, 943 [134 Cal.Rptr.2d 101].)

Plaintiff correctly asserts that judicial estoppel applies only if the party was successful in asserting the first position. (*Aguilar v. Lerner* (2004) 32 Cal.4th 974, 986 [12 Cal.Rptr.3d 287, 88 P.3d 24].) Plaintiff disclaims success here, arguing that the trial court deferred ruling on the class claims and never adopted his position that claims of some class members survived the motion to compel arbitration. However, while in response to plaintiff's objection the court did defer ruling on Sprint's request for dismissal of the class claims, the court never ruled on that aspect of the motion because plaintiff filed a notice of appeal before the court received the briefing it requested and had an opportunity to rule on the matter. We emphatically reject the suggestion that this court should assume what the trial court would have done when plaintiff deprived the court of jurisdiction to rule by filing the notice of appeal. The trial court having been deprived of jurisdiction to determine the status of class claims, we shall not speculate as to what action it would have taken or whether its prior order necessarily foreshadowed the fate of the class claims. The order compelling plaintiff to arbitrate his personal claim is not appealable under the death knell doctrine.

■ Nevertheless, "immediate review of an order granting a motion to compel arbitration may be obtained by a petition for writ of mandate." (*Kinecta Alternative Financial Solutions, Inc. v. Superior Court* (2012) 205 Cal.App.4th 506, 513 [140 Cal.Rptr.3d 347]; accord, *Nelson v. Legacy Partners Residential, Inc.* (2012) 207 Cal.App.4th 1115, 1123 [144 Cal.Rptr.3d 198].) Despite the manner in which plaintiff precluded the trial

court from ruling, the unusual circumstances of this case warrant immediate review. The rationale on which the court compelled plaintiff to arbitrate his dispute presumably will foreclose a class action by all other subscribers with arbitration provisions in their Sprint agreements, which undoubtedly is most if not all class members. If writ review is denied, the arbitrability issue raised here may evade review because plaintiff and others similarly situated have little financial incentive to proceed through arbitration to a final judgment entitled to appellate review. The issue presented is a purely legal issue that has been fully briefed by the parties and is a pressing one with relevance to other pending consumer class actions. Refusing review at this point thus would result in a significant waste of time and judicial resources. In the interest of justice and to avoid unnecessary delay, we will treat the appeal as a petition for a writ of mandate and proceed on that basis. (See *Olson v. Corey* (1983) 35 Cal.3d 390, 400–401 [197 Cal.Rptr. 843, 673 P.2d 720] [explaining factors warranting writ review].)

II. *An intervening change of law permitted the trial court to revisit its order denying arbitration and to issue a new order compelling arbitration.*

■ A party's motion for reconsideration of an order must be made within 10 days after service of notice of entry of the order. (Code Civ. Proc., § 1008, subd. (a).) But that time limitation does not apply to a party's renewal of a motion or a court's sua sponte reconsideration of an order if there has been a change of law. (*Id.,* subds. (b), (c).) "A party who originally made an application for an order which was refused in whole or part . . . may make a subsequent application for the same order upon new or different facts, circumstances, or law . . . ." (*Id.,* subd. (b).) A renewed motion may be brought whether the order denying the previous motion is "interim or final." (*Id.,* subd. (e).) And, "[i]f a court at any time determines that there has been a change of law that warrants it to reconsider a prior order it entered, it may do so on its own motion and enter a different order." (*Id.,* subd. (c).) Even without a change of law, a trial court may exercise its inherent jurisdiction to reconsider an interim ruling. (*Le Francois v. Goel* (2005) 35 Cal.4th 1094, 1107 [29 Cal.Rptr.3d 249, 112 P.3d 636].) "[W]hen a trial court concludes there has been a change of law that warrants reconsideration of a prior order, it has jurisdiction to reconsider and change its order" (*International Ins. Co. v. Superior Court* (1998) 62 Cal.App.4th 784, 788 [72 Cal.Rptr.2d 849]) and may do so at any time prior to entry of judgment (*Darling, Hall & Rae v. Kritt* (1999) 75 Cal.App.4th 1148, 1156 [89 Cal.Rptr.2d 676]). " ' "Miscarriage of justice results where a court is unable to correct its own perceived legal errors . . . ." ' " (*Kerns v. CSE Ins. Group* (2003) 106 Cal.App.4th 368, 389, fn. 18 [130 Cal.Rptr.2d 754].)

Sprint's renewed motion to compel arbitration was filed following the change of law occasioned by *Concepcion*. (*Concepcion, supra*, 563 U.S. ___ [131 S.Ct. 1740].) *Concepcion* indisputably changed the legal landscape and undermined the foundation of the trial court's earlier order denying arbitration. The trial court denied the original motion to compel arbitration in express reliance on *Discover Bank*. In *Concepcion*, the United States Supreme Court held that the FAA preempts California's *Discover Bank* rule and declared class action waivers in consumer contract arbitration provisions enforceable. (*Concepcion, supra*, 563 U.S. at pp. ___–___ [131 S.Ct. at pp. 1745–1753].) As the trial court here rightly noted, "*Concepcion* has resulted in a significant clarification of the Federal Arbitration Act—and a major change in California law." Whatever views the trial court or this court may hold regarding the relative wisdom of *Discover Bank* and *Concepcion*, we are all bound to follow the law as it has been interpreted by our highest court.

The trial court's decision to grant reconsideration of a prior order and to permit renewal of an earlier motion is reviewed for an abuse of discretion. (*Glade v. Glade* (1995) 38 Cal.App.4th 1441, 1457 [45 Cal.Rptr.2d 695]; *Corcoran v. City of Los Angeles* (1957) 153 Cal.App.2d 852, 857 [315 P.2d 439].) We discern no abuse of discretion here. The trial court explicitly stated that it was exercising its discretion to reconsider its earlier order denying arbitration, observing that "despite the great age of this case, plaintiff has done little to advance it to trial." The court acknowledged that "[w]ere the case poised for trial . . . the court might not exercise its discretion to rehear the matter. But so little has been done, and the case has been so little advanced, that it appears reasonable to reconsider a matter as fundamental as this." We concur in the trial court's approach. In exercising its discretion in such circumstances, the extent of the preparation that has already occurred in the trial court proceedings and the proximity of a trial date are properly taken into account, along with the materiality of the change that has been made in the state of the law and the potential for prejudice to any of the parties. Given the significance of the *Concepcion* decision, the absence of near readiness for trial, and the failure to make any showing of prejudice, the trial court acted properly here in revisiting the earlier order denying arbitration.

III. *The court's initial order denying Sprint's motion to compel arbitration was not res judicata, barring reconsideration.*

Plaintiff argues that Sprint's renewal of the motion to compel arbitration, and the trial court's authority to reconsider the matter, is constrained here by principles of res judicata. " 'As generally understood, "[t]he doctrine of res judicata gives certain conclusive effect to a former judgment in subsequent litigation involving the same controversy." [Citation.] The doctrine "has a double aspect." [Citation.] "In its primary aspect," commonly

known as claim preclusion, it "operates as a bar to the maintenance of a second suit between the same parties on the same cause of action. [Citation.]" [Citation.] "In its secondary aspect," commonly known as collateral estoppel, "[t]he prior judgment . . . 'operates' " in "a second suit . . . based on a different cause of action . . . 'as an estoppel or conclusive adjudication as to such issues in the second action as were actually litigated and determined in the first action.' [Citation.]" [Citation.] "The prerequisite elements for applying the doctrine to either an entire cause of action or one or more issues are the same: (1) A claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding." ' " (*Boeken v. Philip Morris USA, Inc.* (2010) 48 Cal.4th 788, 797 [108 Cal.Rptr.3d 806, 230 P.3d 342], italics omitted.)

At issue here is claim preclusion. Plaintiff contends that the original order denying arbitration was in essence a judgment in a prior special proceeding that bars Sprint from relitigating the arbitrability of the parties' dispute in a subsequent proceeding. Sprint contends that the arbitrability issue was raised and renewed by motion in a single ongoing class action lawsuit, making res judicata principles inapplicable because there is no prior judgment. We agree with Sprint on this point.

■ The original order denying arbitration was not a judgment in a prior proceeding. "Res judicata gives conclusive effect to a former judgment only when the former judgment was in a different action; an earlier ruling in the same action cannot be res judicata, although it may be 'law of the case' if an appellate court has determined the issue."² (7 Witkin, Cal. Procedure (5th ed. 2008) Judgment, § 334, p. 939.) As a general matter, it is unquestioned that a trial court's ruling on an ordinary motion is not res judicata. "In all ordinary motions it is in the discretionary power of the court hearing and denying a motion to grant leave for its renewal, and 'this discretion will not be interfered with, except in cases of palpable abuse.' [Citations.] The court can permit renewal of a motion even though it has been previously denied on its merits [citations]; and, unlike the final determination of an action or proceeding by judgment, the decision on an ordinary motion is not res judicata and the court has jurisdiction to reconsider it." (*O'Brien v. City of Santa Monica* (1963) 220 Cal.App.2d 67, 70 [33 Cal.Rptr. 770].)

■ Plaintiff argues that a motion to compel arbitration is not an ordinary motion that may be renewed once denied. He observes that an order denying

---

² The law of the case is not applied when there has been an intervening change in the law and thus would not bar a renewed motion to compel arbitration had the original order denying arbitration been appealed and affirmed. (*Puritan Leasing Co. v. Superior Court* (1977) 76 Cal.App.3d 140, 146 [142 Cal.Rptr. 676].)

such a motion, unlike orders resolving most motions, is a final order that is immediately appealable. (Code Civ. Proc., § 1294, subd. (a).) ▉ But renewal of a previous motion is expressly permitted for both interim and final orders if there has been a material change of law. (Code Civ. Proc., § 1008, subds. (b), (e).) A final and appealable order denying a motion does not necessarily preclude renewal of that motion. In *Harth v. Ten Eyck* (1941) 16 Cal.2d 829 [108 P.2d 675], the trial court granted a renewed motion to set aside the stipulated dismissal of a defendant. The California Supreme Court rejected the contention that the renewed motion was barred by res judicata and that the trial court lacked authority to revisit its final dismissal order and final postjudgment order that initially denied the motion to set aside the dismissal. (*Id.* at pp. 832–834.) The Supreme Court stated, "the fact that the order of dismissal was appealable would not make an appeal therefrom the exclusive method of attacking it. The trial court on a proper motion, timely made, could set it aside." (*Id.* at p. 832.)

Similarly, an order denying a petition for leave to file a late government tort claim—while final and appealable—"does not preclude the trial court from reconsidering and setting it aside on a proper motion timely made." (*O'Brien v. City of Santa Monica, supra*, 220 Cal.App.2d at p. 70.) In *O'Brien*, the appellate court rejected a claim that res judicata barred renewal of the petition, finding that the trial court's power to resolve conflicts in the evidence "was not exhausted by its conclusions on the order denying the petition, but it had the power to reexamine the evidence and arrive at a different conclusion, if it thought the ends of justice would be best served thereby." (*Id.* at pp. 70, 72.)

▉ In claiming that arbitration orders have res judicata effect, plaintiff points to *Towers, Perrin, Forster & Crosby, Inc. v. Brown* (3d Cir. 1984) 732 F.2d 345, 348. In that case, a federal court found that a California ruling denying an employer's demand for arbitration was res judicata and precluded the employer from compelling arbitration in a separate action filed in district court. (*Id.* at pp. 347–349.) The California trial court's order denying a motion to compel arbitration had been affirmed on appeal, adding to the order's finality. (*Id.* at pp. 347, 349; see *General Electric Co. v. Deutz AG* (3d Cir. 2001) 270 F.3d 144, 159 [explaining that affirmance on appeal was significant to finding finality in *Towers*].) *Towers* is distinguishable because there preclusive effect was given in a *subsequent* lawsuit. While an order denying arbitration may be "a final ruling entitled to preclusive effect in subsequent proceedings" (*Otay River Constructors v. San Diego Expressway* (2008) 158 Cal.App.4th 796, 803 [70 Cal.Rptr.3d 434]), there is no subsequent proceeding here. As the trial court here noted, "the first judgment [at issue in *Towers*] was given res judicata effect because the same issue arose in a *second* case between the parties. Indeed, that is generally the office of res

judicata—to prevent relitigation of issues in a subsequent case. Here we do not have a second case; we are still operating in the context of the original litigation."

■ Plaintiff denies the singularity of this lawsuit and contends that Sprint's motion to compel arbitration was a special proceeding separate from the underlying class action. It is true, as plaintiff notes, that arbitration is categorized as a " 'special proceeding of a civil nature.' " (*Bouton v. USAA Casualty Ins. Co.* (2008) 167 Cal.App.4th 412, 427 [84 Cal.Rptr.3d 152].) But there is no *separate* proceeding here. There is an "analytic distinction" between a motion (or petition) to compel arbitration filed within an existing action, as here, and a petition to compel arbitration that commences an independent action. (*Frog Creek Partners, LLC v. Vance Brown, Inc.* (2012) 206 Cal.App.4th 515, 522, fn. 4 [141 Cal.Rptr.3d 834].) "A party may file a petition to enforce an arbitration agreement as an independent lawsuit if there is no pending lawsuit; otherwise, the party must file the petition in the pending lawsuit." (*Id.* at p. 521, fn. 4, citing Code Civ. Proc., §§ 1281.2, 1292.4.) A petition to compel arbitration filed in a pending lawsuit is "part of the underlying action"; it is *not* a distinct action. (*Frog Creek Partners*, at pp. 531, 537.) ■ The 2006 order denying Sprint's motion to compel arbitration did not bar renewal of the motion later in the same case.

*Otay River Constructors v. San Diego Expressway, supra*, 158 Cal.App.4th 796 is not to the contrary. *Otay* arose out of an independent action "brought solely to compel arbitration of contractual disputes," not a motion to compel arbitration in a pending action. (*Id.* at p. 799.) The court there held that a party who obtained an order denying a petition to compel arbitration in the independent action had "obtained a ' "simple, unqualified win" ' on the only contract claim at issue in the action" and was thus entitled to contractual attorney fees as the prevailing party.[3] (*Otay River Constructors v. San Diego Expressway, supra*, at p. 807.) *Otay* does not support the proposition advocated by plaintiff that every motion to compel arbitration, including those brought within a pending action, constitutes a separate proceeding. A motion to compel arbitration filed in an underlying action, as here, is not a separate proceeding giving rise to a fee award (*Frog Creek Partners, LLC v. Vance Brown, Inc., supra*, 206 Cal.App.4th at pp. 531–538, 546) or to the application of res judicata. Even if some motions to compel arbitration brought within an underlying action may be considered a sufficiently discrete proceeding to warrant an award of attorney fees (*Benjamin, Weill & Mazer v. Kors*

---

[3] Similarly, a party who defeated a motion to compel arbitration was held entitled to an award of attorney fees because the party had obtained "a simple, unqualified victory" on the only contract claim presented to the court. (*MBNA America Bank, N.A. v. Gorman* (2006) 147 Cal.App.4th Supp. 1, 7 [54 Cal.Rptr.3d 724].) The facts of that case contrast with the facts here, where contract claims remain unresolved.

(2011) 195 Cal.App.4th 40, 73–80 [125 Cal.Rptr.3d 469]), it does not follow that the motion proceeding is a prior proceeding resulting in a final judgment on the merits that is entitled to res judicata effect. We conclude that res judicata does not apply.

### IV. *Sprint did not waive its right to compel arbitration by not appealing the denial of its original motion to compel arbitration.*

■ Plaintiff contends that Sprint waived its right to compel arbitration by failing to appeal the denial of its original motion in 2006. "Although a court may deny a petition to compel arbitration on the ground of waiver ([Code Civ. Proc.,] § 1281.2, subd. (a)), waivers are not to be lightly inferred and the party seeking to establish a waiver bears a heavy burden of proof." (*St. Agnes Medical Center v. PacifiCare of California* (2003) 31 Cal.4th 1187, 1195 [8 Cal.Rptr.3d 517, 82 P.3d 727].) " ' "In the past, California courts have found a waiver of the right to demand arbitration in a variety of contexts, ranging from situations in which the party seeking to compel arbitration has previously taken steps inconsistent with an intent to invoke arbitration [citations] to instances in which the petitioning party has unreasonably delayed in undertaking the procedure. [Citations.] The decisions likewise hold that the 'bad faith' or 'wilful misconduct' of a party may constitute a waiver and thus justify a refusal to compel arbitration." ' " (*Id.* at p. 1196.)

■ Plaintiff argues that when Sprint "failed and refused to appeal" from an appealable order denying its original motion, "it was an admission that it was no longer seeking arbitration in this case." However, as Sprint argues, pursuing an appeal would have been futile given the state of law at the time. "Waiver should not be found on the basis of a party's failure to undertake a futile act." (*In re Apple & AT&TM Antitrust Litigation* (N.D.Cal. 2011) 826 F.Supp.2d 1168, 1174.) On this reasoning a federal court has rejected the contention that arbitration was waived by a defendant's failure to appeal a pre-*Concepcion* order denying a motion to compel arbitration in a consumer class action. (*Ibid.*; see *Quevedo v. Macy's Inc.* (C.D.Cal. 2011) 798 F.Supp.2d 1122, 1130, fn. 3 [a party need not "make all possible challenges to an existing law or risk waiving any rights it might have if that law is someday invalidated"].)

### V. *Plaintiff's remaining claims of unconscionability challenge the validity of the contract as a whole, not the arbitration provision itself, and therefore do not preclude arbitration.*

Plaintiff contends that several additional contractual provisions, apart from the class action waiver within the arbitration provision, render the contract unconscionable and thus unenforceable. The challenged provisions limit the

time period for bringing claims against Sprint and the amount and type of recoverable damages. The trial court found that "[p]laintiff's arguments are to the effect that these provisions render the contract itself—not just the arbitration clause—unconscionable. Consequently, these issues are for the arbitrator, not the court, to resolve." The trial court was correct.

"Challenges to the validity of arbitration agreements 'upon such grounds as exist at law or in equity for the revocation of any contract' can be divided into two types. One type challenges specifically the validity of the agreement to arbitrate. [Citation.] The other challenges the contract as a whole, either on a ground that directly affects the entire agreement (*e. g.*, the agreement was fraudulently induced), or on the ground that the illegality of one of the contract's provisions renders the whole contract invalid." (*Buckeye Check Cashing, Inc. v. Cardegna* (2006) 546 U.S. 440, 444 [163 L.Ed.2d 1038, 126 S.Ct. 1204].) A challenge of the first type, that contests the validity of the agreement to arbitrate, is decided by the courts. (*Id.* at pp. 444–445.) A challenge of the second type, that contests the validity of the agreement as a whole, is decided by the arbitrator. (*Id.* at pp. 445–446.) "[A] challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator." (*Id.* at p. 449.)

As the trial court found, plaintiff's unconscionability assertions are properly understood as a challenge to the validity of the contract as a whole. In arguing that the "contract provisions" are unconscionable plaintiff vaguely suggests that the arbitration provision itself is unconscionable. But the argument is never developed or substantiated. Plaintiff devotes less than two pages of briefing to this issue. Plaintiff simply asserts that contractual provisions limiting claims and damages (provisions that are located outside the arbitration clause and apply to the entire contract) are "binding on the arbitrator and render[] arbitration one-sided." Plaintiff fails to link these objections to the arbitration provision itself, and makes no effort to show that these provisions render the arbitration provision procedurally or substantively unconscionable. (See *Samaniego v. Empire Today LLC* (2012) 205 Cal.App.4th 1138, 1144 [140 Cal.Rptr.3d 492] [stating elements of unconscionability].) "[A]n arbitration provision is severable from the remainder of the contract"; a challenge to the contract as a whole, without a focused challenge to the arbitration provision, does not preclude arbitration. (*Buckeye Check Cashing, Inc. v. Cardegna, supra*, 546 U.S. at pp. 445–446.) The basis of the challenge must be "directed specifically to the agreement to arbitrate before the court will intervene." (*Rent-A-Center, West, Inc. v. Jackson* (2010) 561 U.S. ___, ___ [177 L.Ed.2d 403, 130 S.Ct. 2772, 2778].) Here, plaintiff has failed to articulate and substantiate a specific challenge to the arbitration provision itself.

## DISPOSITION

The order compelling arbitration is affirmed.

McGuiness, P. J., and Jenkins, J., concurred.

A petition for a rehearing was denied October 17, 2012, and the petition of appellant Pamela Meyer for review by the Supreme Court was denied December 19, 2012, S206481.