Filed 11/13/13  Johnson v. Servicon Systems CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| CLARENCE B. JOHNSON,<br><br>　　　　Plaintiff and Appellant,<br><br>　　v.<br><br>SERVICON SYSTEMS, INC.,<br><br>　　　　Defendant and Respondent. | B245201<br><br>(Los Angeles County<br>Super. Ct. No. BC477835)<br><br>ORDERS MODIFYING OPINION<br>AND DENYING REHEARING<br>PETITION<br><br>[NO CHANGE IN JUDGMENT] |

　　　　1.  The opinion filed October 21, 2013 is modified to insert on page 5 in the second sentence of the third paragraph after the word "waive" the following italicized words "*in an arbitration agreement*".

　　　　2.  The opinion is further modified to insert the following before the final sentence in the third paragraph:  "Defendant has taken a series of decisions involving class action waivers in arbitration agreements and mystically asserts they apply to a case with no class action waiver.  And defendant only sought to compel arbitration of plaintiff's individual claims.  There was no motion to compel arbitration of the class claims."

　　　　3.  The amended rehearing petition is denied.  Defendant, Servicon Systems, Inc., had an adequate opportunity to brief the application of *Gentry v. Superior Court* (2007) 42 Cal.4th 443, 450 to this case.  *Gentry*, a decision involving the enforceability of a class action waiver, and its progeny have nothing to do with the dismissal of class claims as

occurred in this case. This fact is briefly discussed in the opening and reply briefs. No good cause existed to allow post-submission briefing in this a preference case. (Code Civ. Proc., § 1291.2; *Hedges v. Carrigan* (2004) 117 Cal.App.4th 578, 582.) Further, the class representative analysis appearing in the rehearing petition was not litigated in the trial court or on appeal and has been forfeited. (*Reynolds v. Bement* (2005) 36 Cal.4th 1075, 1092; *Alameda County Management Employees v. Superior Court* (2011) 195 Cal.App.4th 325, 338, fn. 10.)


_____      _____      _____
TURNER, P. J.          MOSK, J.          KRIEGLER, J.

2

Filed 10/21/13 (unmodified version)

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| CLARENCE B. JOHNSON, | B245201 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC477835) |
| v. | |
| SERVICON SYSTEMS, INC., | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Joanne O'Donnell, Judge. Reversed with directions.

Rastegar Law Group, Farzad Rastegar and Thomas S. Campbell for Plaintiff and Appellant.

Jackson Lewis, Mindy S. Novick, Sherry L. Swieca, Sandra J. McMullan and Adam Y. Siegel for Defendant and Respondent.

## I. INTRODUCTION

Plaintiff, Clarence B. Johnson, appeals from an order compelling arbitration and dismissing all class claims. Plaintiff filed an original and first amended complaint against

defendant, Servicon Systems, Incorporated. Defendant filed a petition to compel arbitration of plaintiff's individual claims only. The petition sought dismissal of all class claims. On October 26, 2012, the trial court dismissed the purported class claims. But the court granted defendant's petition to compel arbitration of plaintiff's individual claims. We conclude the trial court should not have dismissed the class claims.

## II. BACKGROUND

### A. Complaint

On January 26, 2012, plaintiff filed a complaint against defendant on behalf of all similarly situated current and former employees. On April 12, 2012, plaintiff filed a first amended complaint. Plaintiff alleges against defendant: failure to provide required rest periods; failure to provide required meal periods; failure to pay overtime compensation; failure to provide accurate statements and to maintain required records; failure to pay minimum wage; failure to pay wages upon termination; unlawful business practices; class action for civil penalties; and a Labor Code section 2698 et seq. representative action for civil penalties.

### B. Motion To Compel Arbitration, Opposition And Reply

On August 9, 2012, defendant filed its motion seeking: to compel arbitration of plaintiff's individual claims; dismissal without prejudice of the class claims; and dismissal of the action as to plaintiff's individual claims or in the alternative immediate stay of the proceedings. Defendant relied on an arbitration agreement between plaintiff and defendant signed August 28, 2006. The arbitration agreement provides, "In the event of any dispute, claim or controversy between Employee and Company, its directors, officers, employees or agents, both parties agree to submit such dispute, claim or controversy to final and binding arbitration, including, but not limited to, claims for

2

breach of contract, civil torts and employment discrimination . . . ." The arbitration agreement contains no class action waiver. Defendant argued the agreement was part of a contract involving interstate commerce and is valid under principles of contract law. Defendant asserted the Federal Arbitration Act governed the agreement.

On August 31, 2012, plaintiff filed his opposition. Plaintiff argued the arbitration agreement in question was modified on August 31, 2007 and he did not sign the document. Plaintiff contended class action claims should proceed pursuant to *Gentry v. Superior Court* (2007) 42 Cal.4th 443, 453-454. In *Gentry*, our Supreme Court prohibited class arbitration waivers in employment agreements under specified circumstances. (*Ibid.*) On September 7, 2012, defendant filed its reply.


C. Hearing And Order


On September 14, 2012, the trial court continued the hearing to provide plaintiff an opportunity to file a surreply. On October 15, 2012, plaintiff filed his surreply. The surreply is accompanied by plaintiff's declaration which indicates he was provided the arbitration agreement on a take it or leave it basis. The surreply also contains evidence pertinent to the issue of whether any waiver of the right to pursue a class action is unconscionable. On October 22, 2012, the trial court heard further argument and took the matter under submission.

On October 26, 2012, the trial court issued its order. The trial court concluded plaintiff had agreed to and signed an updated arbitration agreement. The trial court found the arbitration agreement enforceable under the Federal Arbitration Act because defendant demonstrated it engaged in interstate commerce. The trial court determined *Gentry* was implicitly overruled by *AT&T Mobility LLC v. Concepcion* (2011) 563 ___, ___ [131 S.Ct. 1740, 1750-1751] (*AT&T*). The trial court: granted defendant's motion to compel arbitration; stayed the action pending outcome of the arbitration; and dismissed the class claims. Plaintiff subsequently appealed the order.

## III.  DISCUSSION

First, there is no merit to defendant's argument the present order dismissing class claims is not appealable.  The class claims were dismissed.  Thus, the order dismissing the class claims is appealable.  (*Daar v. Yellow Cab Co.* (1967) 67 Cal.2d 695, 699; *Franco v. Athens Disposal Co., Inc.* (2009) 171 Cal.App.4th 1277, 1288.)  Defendant's argument that title 9 United States Code section 16 applies to state court appeals has no merit.  The limited procedural effect of the Federal Arbitration Act does not extend to state procedural rules.  (*Cronus Investments, Inc. v. Concierge Services* (2005) 35 Cal.4th 376, 388-390; see *Cable Connection, Inc. v. DIRECTV, Inc.* (2008) 44 Cal.4th 1334, 1351.)

There is no merit to the argument allowing an appeal of the class claims dismissal order while the action is stayed interferes with any purpose of the Federal Arbitration Act.  (*AT&T*, *supra*, 563 U.S. at p. __ [131 S.Ct. at pp. 1749-1750]; *Preston v. Ferrer* (2008) 552 U.S. 346, 357-358.)  This case is a preference matter and no extensions of time were granted.  The parties were free to arbitrate plaintiff's individual claims while the appeal was pending.  Under defendant's theory, the matters we resolve today would have to await entry of a judgment confirming an award at some unknown future date before they could be heard.  California's rule which allows for expedited appeals under these circumstances accelerates and enforces the arbitral process.

Second, defendant is correct, there is substantial evidence plaintiff signed the relevant arbitration agreement even though he was not required to do so.  We review a trial court's factual findings for substantial evidence.  (*Bowers v. Raymond J. Lucia Companies, Inc.* (2012) 206 Cal.App.4th 724, 733; *Hotels Nevada, LLC v. L.A. Pacific Center, Inc.* (2012) 203 Cal.App.4th 336, 348.)  The declarations of Rick Tate, Martha Trujillo and Jose Guerrero establish:  defendant operates in interstate commerce; employees are not obligated to sign the arbitration agreement; plaintiff was required to read the arbitration agreement; and plaintiff signed the 2006 version of the arbitration agreement.

Third, defendant is correct this dispute arises in interstate commerce and is subject to the Federal Arbitration Act. (9 U.S.C. § 2 ["transaction involving commerce"]; *Allied-Bruce Terminix Companies, Inc. v. Dobson* (1995) 513 U.S. 265, 277 ["word 'involving,' like 'affecting,' signals an intent to exercise Congress' commerce power to the full"].) Mr. Tate's declaration delineates in detail the interstate nature of defendant's business operations.

Fourth, there is no merit to defendant's argument that *AT&T*, *supra*, 563 U.S. at p. __ [131 S.Ct. at pp. 1749-1750] permitted dismissal of the class claims. The issue in *AT&T*, *supra,* was whether a class action waiver was enforceable. (*Kilgore v. KeyBank, N.A.* (9th Cir. 2013) 718 F.3d 1052, 1058; *Phillips v. Sprint PCS* (2012) 209 Cal.App.4th 758, 769.) Likewise, *Gentry* and its progeny are irrelevant to this case. Thus, the proper course of action was not to dismiss the class claims but to: direct the filing of a responsive pleading; schedule a case management conference; and, at the conference, exercise discretion as to whether to await the outcome of the arbitration on plaintiff's individual causes of action before proceeding further on his class claims.

## IV. DISPOSITION

The order dismissing the class claims is reversed. Upon remittitur issuance, the trial court is to reinstate the class claims and proceed as discussed in the body of the opinion. Plaintiff, Clarence B. Johnson, shall recover his costs incurred on appeal from defendant, Servicon Systems, Incorporated.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

5

TURNER, P. J.

I concur:

KRIEGLER, J.

MOSK, J., Concurring and dissenting,

I do not believe that a Labor Code section 2698 et seq. (Private Attorney General Act of 2004—PAGA) claim is arbitrable, (see *Brown v. Ralphs Grocery Co.* (2011) 197 Cal.App.4th 489) [decided by this division].  That issue is pending before the California Supreme Court (*Iskanian v. CLS Transportation Los Angeles, LLC,* S204032; see also *Sonic-Calabasas A, Inc. v. Frank Moreno* (2013) ___ Cal. 4th ___ [S174475 filed Oct. 17, 2013] [unconscionability not preempted, but  Berman hearings can be arbitrable]).

I concur in the remainder of the disposition.

MOSK, J.