Filed 2/11/25  Soaris v. Aikhionbare CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| JOSEPH SOARIS, | B322910 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 20STCV05228) |
| v. | |
| TONY AIKHIONBARE et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Kristin S. Escalante, Judge.  Affirmed.

Law Office of Winston K. McKesson and Winston K. McKesson for Plaintiff and Appellant.

Law Office of Alaba Ajetunmobi and Alaba Ajetunmobi for Defendants and Respondents.

# I.    INTRODUCTION

Plaintiff Joseph Soaris sued his former contractors, defendants Tony Aikhionbare and Ota Enterprises, for breach of contract and breach of the implied covenant of good faith and fair dealing.  Following a bench trial, the trial court ruled against plaintiff on his claims and issued judgment accordingly.[1]

Plaintiff contends the trial court erred by denying him leave to amend his complaint to add a cause of action for violation of Business and Professions Code sections 7031, subdivision (b) and 7125.2.  Plaintiff also contends the court's judgment is not supported by substantial evidence.  We affirm.

# II.    BACKGROUND

## A.    *Underlying Facts*

In May 2019, plaintiff entered into a written contract with Aikhionbare and Ota Enterprises, in which defendants agreed to perform construction work on plaintiff's home.  The parties agreed that plaintiff would pay a total sum of $164,500 for material and labor.  According to plaintiff, defendants failed to perform the agreed upon work pursuant to the terms of the agreement.

---

[1]    Defendants also cross-complained, arguing, among other things, breach of contract and quantum meruit.  The court ruled against defendants on their claims, and defendants appealed.  On March 10, 2023, defendants' cross-appeal was dismissed for being in default.

On February 7, 2020, plaintiff filed a complaint against defendants for breach of written contract and breach of the implied covenant of good faith and fair dealing.[2] The complaint alleged that defendants "breached the contract by not performing the agreed upon work in the terms called for in the Contract."

B.    *Trial*

Prior to trial, plaintiff filed a trial brief in which he explained that his complaint alleged defendants "breached their oral and written contracts b[y] failing to return the [purported $20,000] loan amount to [p]laintiff and/or order the supplies for the Project." Plaintiff also alleged that defendants breached the covenant of good faith and fair dealing "[b]y failing to repay the loan and/or failing to purchase supplies to complete the Project."

A bench trial commenced on December 16, 2021. There is no reporter's transcript, agreed statement, or settled statement of the December 16, 2021, proceeding. Trial continued on February 23, 24, and 25, 2022.

During the trial proceedings for which we do have a record, plaintiff testified that he entered into a written contract with defendants in which defendants agreed to "complete the Construction of the Residential Remodel" in phases, for a total cost of $164,500. Plaintiff testified that he paid defendants $57,000 before terminating their relationship. Although plaintiff

---

[2]    Plaintiff also alleged that defendants breached an oral contract, purportedly entered on October 16, 2019, in which plaintiff agreed to loan defendants $20,000. The trial court found against plaintiff on this cause of action. Plaintiff does not challenge that finding.

initially testified that defendants only performed demolition work on the project, he later admitted that defendants also performed framing, plumbing, and foundation work.

Defendant Aikhionbare testified that he completed work on numerous phases described in the written contract, including demolition, foundation, framing, replacing the subfloor and floor joists, plumbing, and electrical work. He did not, however, complete other portions of the construction. On cross-examination, Aikhionbare admitted that he did not have workers' compensation insurance. Aikhionbare confirmed that he received $57,000 from plaintiff for work performed at the residence.

After the close of evidence, plaintiff orally moved to amend the pleadings to conform to proof. Specifically, plaintiff sought to add a claim for violation of Business and Professions Code sections 7031, subdivision (b) and 7125.2, alleging defendants were unlicensed contractors because they had not obtained required workers' compensation insurance. The trial court declined to rule on the oral motion and advised plaintiff that he could file a written motion to amend.

C.    *Motion to Amend Pleadings*

On March 2, 2022, plaintiff filed his motion for leave to file a first amended complaint to add an allegation for a cause of action for violation of Business and Professions Code sections 7031 and 7125.2. Plaintiff submitted a declaration from his counsel, who stated that during trial, "it was discovered" that defendants did not have proper workers' compensation insurance and counsel made an oral motion to amend the complaint "at the earliest moment available." Defendants opposed the motion.

4

On March 22, 2022, the trial court granted the motion to amend. The court also reopened the trial proceedings to allow the parties to present further evidence as to whether defendants had workers' compensation insurance.

D.   *Further Hearing*

On May 27, 2022, the trial court held an evidentiary hearing to consider additional evidence regarding the new claim. Plaintiff and Aikhionbare both testified. The record does not include a reporter's transcript, agreed statement, or settled statement of this proceeding.

E.   *Ruling and Judgment*

On July 11, 2022, the trial court issued its ruling, finding against plaintiff. The court found that plaintiff "was not credible" and that defendant Aikhionbare "was generally credible." The court further found that plaintiff did not perform his obligations under the written contract, did not have an excuse for his nonperformance, and failed to demonstrate defendants did not adequately perform their contractual obligations. Further, even if plaintiff had proven defendants breached the agreement, the court would still find in favor of defendants because plaintiff failed to prove the amount of damages.

The trial court then reconsidered its order granting plaintiff's motion to amend the complaint, citing the evidence presented at the May 27, 2022, hearing. Rejecting plaintiff's assertion that he was not aware, until trial, that defendants lacked workers' compensation insurance, the court found that

5

plaintiff was aware of this fact before he filed the complaint. It also found that defendants would be prejudiced if the court were to permit the amendment, construing plaintiff's motion as an attempt to "sandbag" defendants and "gamesmanship." The court denied the motion.

On July 28, 2022, the trial court entered judgment against plaintiff on his complaint against defendants. Plaintiff timely appealed.

## III. DISCUSSION

Plaintiff argues that the trial court abused its discretion by reconsidering its prior order granting a motion to amend the pleadings. Plaintiff also contends the court's entry of judgment on his claims is not supported by substantial evidence.

### A. *Motion to Amend*

The decision whether to grant a plaintiff leave to amend a complaint is within the sound discretion of the trial court and "'"[t]he exercise of that discretion will not be disturbed on appeal absent a clear showing of abuse."'" (*Branick v. Downey Savings & Loan Assn.* (2006) 39 Cal.4th 235, 242.) Code of Civil Procedure section 473 allows a party to amend its pleadings in the furtherance of justice and Code of Civil Procedure section 576 allows a trial court to grant leave to amend even after the commencement of trial.

Code of Civil Procedure section 469, which governs motions for leave to amend to conform to proof at trial, provides in pertinent part: "Variance between the allegation in a pleading

6

and the proof shall not be deemed material, unless it has actually misled the adverse party to his or her prejudice in maintaining his or her action or defense upon the merits." Amendments to conform to proof at trial, "if not prejudicial, are favored since their purpose is to do justice and avoid further useless litigation." (*Union Bank v. Wendland* (1976) 54 Cal.App.3d 393, 400.) Leave to amend should be denied "'when [the proposed amendments] raise new issues not included in the original pleadings and upon which the adverse party had no opportunity to defend. [Citations.]' [Citations.]" (*Trafton v. Youngblood* (1968) 69 Cal.2d 17, 31.) "The basic rule applicable to amendments to conform to proof is that the amended pleading must be based upon the same general set of facts as those upon which the cause of action or defense as originally pleaded was grounded." (*Union Bank v. Wendland, supra*, 54 Cal.App.3d at pp. 400–401.)

"Generally, 'the trial court has wide discretion in determining whether to allow the amendment, but the appropriate exercise of that discretion requires the trial court to consider a number of factors: *"including the conduct of the moving party and the belated presentation of the amendment.* [Citation.] . . . The law is well settled that a long deferred presentation of the proposed amendment without a showing of excuse for the delay is itself a significant factor to uphold the trial court's denial of the amendment. [Citation.]" [Citation.] "The law is also clear that even if a good amendment is proposed in proper form, unwarranted delay in presenting it may—of itself— be a valid reason for denial." [Citation.]' [Citations.]" (*Emerald Bay Community Assn. v. Golden Eagle Ins. Corp.* (2005) 130 Cal.App.4th 1078, 1097.)

"As a general rule, trial courts have inherent jurisdiction to reconsider, vacate, or otherwise modify their interim orders. (*Phillips v. Sprint PCS* (2012) 209 Cal.App.4th 758, 768; *Le Francois v. Goel* (2005) 35 Cal.4th 1094, 1106–1107.)" (*Paul Blanco's Good Car Co. Auto Group v. Superior Court* (2020) 56 Cal.App.5th 86, 97.)

The trial court revisited its ruling on the motion to amend following an evidentiary hearing on May 27, 2022. The record, however, does not include a reporter's transcript or suitable substitute from that hearing. "[T]he absence of a court reporter at trial court proceedings and the resulting lack of a verbatim record of such proceedings will frequently be fatal to a litigant's ability to have his or her claims of trial court error resolved on the merits by an appellate court. This is so because it is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment. [Citations.] 'This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' [Citations.] 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court. "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented."' [Citation.] '"A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed."' [Citation.] 'Consequently, [the appellant] has the burden of

providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' [Citation.]" (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609, fn. omitted.)

Here, the trial court found, based on the evidence presented at the hearing on May 27, 2022, that plaintiff delayed presenting his additional claims until the close of trial in order to "sandbag" defendants and defendants would be prejudiced by the late amendment. Contrary to plaintiff's contention, we do not have a sufficient record to evaluate these findings. (See *Faigin v. Signature Group Holdings, Inc.* (2012) 211 Cal.App.4th 726, 736 ["We review findings by the trier of fact under the substantial evidence standard"]; *Fair v. Bakhtiari* (2011) 195 Cal.App.4th 1135, 1148–1149 ["As a general rule, 'even where there are no express findings, we must review the trial court's exercise of discretion based on implied findings that are supported by substantial evidence'"].) Plaintiff cannot demonstrate, based on the inadequate evidence presented on appeal, that the court abused its discretion in denying his motion to amend. (See *Rhule v. WaveFront Technology, Inc.* (2017) 8 Cal.App.5th 1223, 1228 [rejecting plaintiff's argument that attorney fees award was abuse of discretion because of plaintiff's failure to provide reporter's transcript or agreed or settled statement of proceedings].)

B.    *Sufficiency of the Evidence*

We also reject plaintiff's sufficiency of the evidence challenge to the trial court's judgment based on the inadequacy of the record on appeal. (*Jameson v. Desta, supra*, 5 Cal.5th at

9

pp. 608–609.) As we note above, the record does not include a reporter's transcript, or a suitable substitute, of the trial proceedings from December 16, 2021. Moreover, on the record that we do have, we would find no error. Plaintiff's challenge to the sufficiency of the evidence is premised on his theory that defendants were unlicensed contractors, a theory on which the court denied leave to amend.[3]

## IV. DISPOSITION

The judgment is affirmed. Defendants are awarded costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM (D.), J.

We concur:

HOFFSTADT, P. J.

BAKER, J.

---

[3] Defendants also contend they are entitled to an award of attorney fees on appeal pursuant to contract. Defendants' entitlement to such fees is not an issue before us on appeal.